HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INTERVAL LICENSING LLC,<br><br>Plaintiff,<br><br>v.<br><br>AOL, INC, et al.,<br><br>Defendants. | Case No.: 2:10-cv-01385-MJP<br><br>DEFENDANTS GOOGLE INC. AND YOUTUBE, LLC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(B)(6)<br><br>**Note on Motion Calendar:**<br><br>**November 5, 2010** |

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Google Inc. and YouTube, LLC (together "Google"), through their undersigned counsel, respectfully move this Court to dismiss Interval Licensing LLC's ("Interval") Complaint for Patent Infringement (the "Complaint") for failure to state a claim upon which relief can be granted.

## I. INTRODUCTION

Interval's Complaint fails to identify with any particularity: (a) how Google has allegedly infringed the patents-in-suit; (b) the underlying technology at issue; or (c) products or services offered by Google that are alleged to infringe. Instead, Interval's Complaint makes identical conclusory allegations with respect to all eleven named Defendants, despite the disparate and unrelated nature of their respective businesses. These uninformative and non-specific allegations

DEFENDANTS GOOGLE INC. AND YOUTUBE, LLC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(B)(6) - 2:10-cv-01385-MJP

49345-001\ 582289.DOC                                         -1-

**STOKES LAWRENCE, P.S.**
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

are repeated verbatim from one Defendant to the next, without alleging any facts that are specific to any Defendant's business or products.

Interval's claims fail to meet the pleading requirements of the Federal Rules. Rule 8 requires the Complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the recent holdings of the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ("*Iqbal*"), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*"), Interval must do more than merely state that the law has been violated – Interval must plead sufficient facts to show that it has a plausible claim for relief. In sum, Interval is not entitled to waste Court and party resources with a scattershot Complaint against multiple Defendants that fails to give any indication as to which products or services Interval contends are infringing and the factual basis for such a claim. Interval's Complaint is so devoid of any facts to support its infringement contentions that it is impossible for Google to reasonably prepare a defense. At the very minimum, Interval must identify with particularity the products or services accused of infringement and the factual basis for any claim that such products and services allegedly infringe the patents-in-suit. Since Interval has failed to do so, its Complaint should be dismissed.

## II.   FACTUAL BACKGROUND

On August 27, 2010, Interval filed its Complaint alleging infringement of U.S. Patent Nos. 6,263,507 ("the '507 patent"); 6,034,652 ("the '652 patent"); 6,788,314 ("the '314 patent"); and 6,757,682 ("the '682 patent") (collectively, the "patents-in-suit"). (D.I. 1.) Interval's infringement allegations for each patent-in-suit are identical for every Defendant accused of infringement – grouping competitors and unrelated businesses alike – and may be read to cover essentially everything in Google's business.

For the '507 patent, Interval alleges infringement liability "by making and using websites, hardware, and software to categorize, compare, and display segments of a body of information as claimed in the patent." (*Id.* at ¶¶ 21 (AOL); 22 (Apple); 23 (eBay); 24 (Google); 25 (Netflix); 26 (Office Depot); 27 (OfficeMax); 28 (Staples); 29 (Yahoo); and 30 (YouTube).)

DEFENDANTS GOOGLE INC. AND YOUTUBE, LLC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(B)(6) - 2:10-cv-01385-MJP

49345-001\ 582289.DOC

-2-

**STOKES LAWRENCE, P.S.**
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

1    For the '682 patent, Interval repeats its allegation of infringement "by making and using websites and associated hardware and software to provide alerts that information is of current interest to a user as claimed in the patent."  (*Id*. at ¶¶ 45 (AOL); 46 (Apple); 47 (eBay); 48 (Facebook); 49 (Google); 50 (Netflix); 51 (Office Depot); 52 (OfficeMax); 53 (Staples); 54 (Yahoo); and 55 (YouTube).)

Interval's infringement allegations are similarly generic and universal for the '652 and '314 patents, accusing Defendants of infringing "by making, using, offering, providing, and encouraging customers to use products that display information in a way that occupies the peripheral attention of the user as claimed in the patent."  (*Id*. at ¶¶ 33, 39 (AOL); 34, 40 (Apple); 35, 41 (Google); and 36, 42 (Yahoo).)

These allegations – <u>identical</u> for each Defendant against which the indicated patents are asserted – provide no clue as to the accused product or service or the factual basis for a claim of infringement.  In the case of the '652 and '314 patents, the allegations do not even articulate the statutory basis for the alleged infringement.  For example, Interval may be trying to allege a theory of indirect infringement by virtue of "encouraging customers," but the factual basis is purely conclusory and provides no insight as to material elements of such a claim.

Interval's recycling of identical (and generic) bases for infringement for each Defendant so accused, all of which have distinct and in many cases competing products and services, cannot possibly satisfy the pleadings standard under *Iqbal* and *Twombly*.  The allegations fail to identify which products and/or services offered by Google are alleged to infringe and similarly fail to specify with even cursory particularity how Google could have infringed any of the 197 claims of the patents-in-suit.

### III.   AUTHORITY AND ARGUMENT

**A.   Legal Standards**

Under Rule 12(b)(6), the Court may dismiss a complaint if it fails to "state a claim upon which relief can be granted."  *See* Fed. R. Civ. P. 12(b)(6).  The Supreme Court in *Twombly* held that the often "questioned, criticized, and explained away" language from its prior decision in

DEFENDANTS GOOGLE INC. AND YOUTUBE, LLC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(B)(6) - 2:10-cv-01385-MJP

49345-001\ 582289.DOC                                -3-

**STOKES LAWRENCE, P.S.**
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

*Conley v. Gibson*, 255 U.S. 41 (1957), that motions to dismiss under Rule 12(b)(6) should only be granted if there are "no set of facts" that could be proven to support relief, "has earned its retirement" "after puzzling the profession for 50 years." *Twombly*, 550 U.S. at 561-63.  Instead, the Court made clear that Rule 8 requires that a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  Without requiring at least facial plausibility, "claim[s] would survive a motion to dismiss whenever the pleadings left open the *possibility* that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Id.* at 561 (emphasis added).  Such a minimal pleadings standard would render meaningless a court's "power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Id.* at 558 (quoting *Associated Gen. Contractors of Cal., Inc. v. California State Council of Carpenters*, 459 U.S. 519, 528 n.17 (1983)).

In *Iqbal*, the Supreme Court clarified that the *Twombly* plausibility pleadings standard applies to "all civil actions." *Iqbal*, 129 S. Ct. at 1953.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).  "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*.  (quoting *Twombly*, 550 U.S. at 555, 557).  In short, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 1950.

As explained below, courts applying *Iqbal* and *Twombly* to complaints for patent infringement have held that complaints, such as Interval's Complaint, which merely state conclusory allegations of infringement without identifying the products or services accused of infringement and the factual basis for such claims, should be dismissed pursuant to Rule 12(b)(6).

DEFENDANTS GOOGLE INC. AND YOUTUBE, LLC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(B)(6) - 2:10-cv-01385-MJP

49345-001\ 582289.DOC

-4-

**STOKES LAWRENCE, P.S.**
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

### B.     Interval's Complaint Fails to State a Claim for Infringement

Interval's Complaint fails to state a claim for infringement under the Supreme Court's threshold requirements because its allegations are so bereft of factual content that the Court cannot draw any inferences, let alone a reasonable one, that Google infringes the patents-in-suit. By failing to identify with specificity the products or services that allegedly infringe the patents-in-suit and how they do so, the Complaint offers no more than "unadorned, the-defendant-unlawfully-harmed-me" allegations that fall far short of the *Iqbal* standard.  *Id.*

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*.  All three varieties of Interval's recycled infringement allegations rely upon the naked assertion that the allegedly infringing activity is performed "as claimed in the patent," and copies catchphrases from the titles of the patents-in-suit as the only possible support alleged in furtherance of these legal conclusions.  As such, Interval's Complaint fails to meet the pleading standards of *Iqbal* and *Twombly* because it neither identifies the accused products or services, nor sets forth how such unidentified products or services allegedly infringe.  *See, e.g.*, *Bender v. LG Elecs. U.S.A., Inc.*, No. 09-cv-02114, 2010 WL 889541, at *3 (N.D. Cal. Mar. 11, 2010) ("*LG Elecs.*") (dismissing infringement complaint for only "alleg[ing] conclusorily the means by which Defendants are infringing on his … Patent").

Further, in order to shortcut its Complaint against all Defendants by relying on only three basic allegations, Interval necessarily fails to specify products unique to Google.  Interval accuses the following of infringement:

- "websites, hardware, and software" (D.I. 1, at ¶¶ 24, 30);
- "websites and associated hardware and software" (*Id*. at ¶¶ 49, 55); or
- "products that display information" (*Id*. at ¶¶ 35, 41.)

Such generalizations of a wide universe of alleged infringement evince only mere speculation on the part of Interval as to what category of products or services might somehow infringe, and provide no notice of the products at issue.

DEFENDANTS GOOGLE INC. AND YOUTUBE, LLC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(B)(6) - 2:10-cv-01385-MJP

49345-001\ 582289.DOC

-5-

**STOKES LAWRENCE, P.S.**
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

1  Accusing both hardware and software of infringement fails to identify even in the
2  broadest terms what specific Google products and/or services are alleged to infringe. *See LG*
3  *Elecs. U.S.A., Inc.*, 2010 WL 889541, at *3 (granting motion to dismiss because plaintiff only
4  pointed to "broad categories of products" and "[c]ommon sense requires more specific
5  identification of the products in any given product category that are allegedly infringing"); *Ware*
6  *v. Circuit City Stores, Inc.,* No. 05-cv-0156, 2010 WL 767094, at *2 (N.D. Ga. Jan. 5, 2010)
7  (holding allegation that "apparatuses" infringe "does not provide the minimal factual pleading to
8  put defendants on notice of the claims against them, which is what is required by Rule 8").
9  In addition, Interval must specify not only the products or services that allegedly infringe,
10 but also how those products or services meet the claim limitations of the patents-in-suit.
11 *California Inst. of Computer Assisted Surgery, Inc. v. Med-Surgical Servs., Inc*., No. 10-cv-
12 02042, 2010 WL 3063132, at *2 (N.D. Cal. Aug. 3, 2010) (granting motion to dismiss
13 infringement allegations because the plaintiff "fails to allege with any specificity what [the
14 allegedly infringing product] is and how it infringes upon any of its four patents"); *LG Elecs.*,
15 2010 WL 889541, at *6 (requiring sufficient infringement allegations to provide at least "a brief
16 description of what the patent at issue does" and "an allegation that certain named and
17 specifically identified products or product components also do what the patent does").  Interval's
18 combination of conclusory "as claimed in the patent" theories of infringement and generic
19 references to unidentified products fall well short of the *Iqbal* and *Twombly* standard and fail to
20 state a claim upon which relief may be granted.
21 Further, by failing to identify a single allegedly infringing product with particularity,
22 Interval does not even meet the minimal requirements of Form 18 of the Federal Rules of Civil
23 Procedure.  In the wake of *Iqbal* and *Twombly*, both the Federal Circuit and the Western District
24 of Washington (among other courts) have questioned whether compliance with Form 18 is a
25 reliable measure of sufficient direct infringement pleading.  *Colida v. Nokia, Inc.*, 347 Fed.
26 App'x 568, 571 n.2 (Fed. Cir. 2009) (suggesting in dicta that compliance with Form 18 may not
27 satisfy pleading requirements because "Form 18 is a sample pleading for patent infringement, but

DEFENDANTS GOOGLE INC. AND YOUTUBE, LLC'S MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF
CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(B)(6) - 2:10-cv-
01385-MJP
49345-001\ 582289.DOC                                          -6-

**STOKES LAWRENCE, P.S.**
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

… was last updated before the Supreme Court's *Iqbal* decision"); *Sharafabadi v. Pacific Northwest Farmers Co-op*, No. 09-cv-1043, 2010 WL 234769, at *2 n.3 (W.D. Wash. Jan. 14, 2010) ("The Federal Circuit decided *McZeal* after *Twombly* but before *Iqbal.* This court agrees with the sentiment expressed by at least one other district court that it is difficult to reconcile Form 18 with the Supreme Court's guidance in those decisions."). *Cf. LG Elecs.*, 2010 WL 889541, at *5-6 (acknowledging that "it is difficult to reconcile the guidelines set forth in *Twombly* and *Iqbal* with Form 18" and requiring sufficient infringement allegations to provide at least "a brief description of what the patent at issue does" and "an allegation that certain named and specially identified products or product components also do what the patent does").

This Court, however, need not decide this issue in order to dismiss Interval's Complaint; the Complaint fails even under the minimal standard implied by Form 18 because Interval does not even identify the actual products or services accused of infringement. *See Enlink Geoenergy Servs., Inc. v. Jackson & Sons Drilling & Pump, Inc.,* No. 09-cv-03524, 2010 WL 1221861, at *2 (N.D. Cal. Mar. 24, 2010) ("Form 18 requires a plaintiff to identify the device or method that is accused of infringement …."); *Bender v. Motorola, Inc.*, No. 09-cv-1245, 2010 WL 726739, at *3 (N.D. Cal. Feb. 26, 2010) (dismissing plaintiff's direct infringement allegations because "[n]owhere in the Amended Complaint does Plaintiff identify, with the requisite level of factual detail, the particular product of line of products, that allegedly infringe …."); *cf. Sharafabadi,* 2010 WL 234769, at *2 (listing Form 18 pleading requirements).  Interval should have been able to identify the specific products and services, as well as which patents were asserted against each product or service, because Interval's Rule 11 pre-filing obligations would have required Interval to "apply the claims of each and every patent that is being brought into the lawsuit to an accused device and conclude that there is a reasonable basis for a finding of infringement of at least one claim of each patent so asserted." *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000).  Accordingly, for all of the reasons above, Interval's infringement allegations against Google must be dismissed.

DEFENDANTS GOOGLE INC. AND YOUTUBE, LLC'S MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF
CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(B)(6) - 2:10-cv-01385-MJP

49345-001\ 582289.DOC                       -7-

**STOKES LAWRENCE, P.S.**
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

### C. Interval's Complaint Fails to State a Claim for Indirect Infringement

Because Interval's Complaint fails to state a claim for direct infringement, it necessarily fails to state a claim for indirect infringement because there can be no indirect infringement without a direct infringement.[1]  *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1379 (Fed. Cir. 2007) ("Indirect infringement requires, as a predicate, a finding that some party amongst the accused actors has committed the entire act of direct infringement.").  Moreover, to the extent Interval attempts to allege that Google induces or contributes to another's infringement by way of an unspecified encouragement to customers, Interval also fails to state a claim upon which relief may be granted.  A claim for indirect infringement requires, at a minimum, knowledge of the patent-in-suit at the time of the allegedly infringing activities.  *Mallinckrodt Inc. v. E-Z-Em Inc.*, 670 F. Supp. 2d 349, 354-55 (D. Del. 2009).  Further, "knowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement."  *Xpoint Techs., Inc. v. Microsoft Corp.*, 09-cv-628, 2010 WL 3187025, at *6 (D. Del. Aug. 12, 2010) (citing *Mallinckrodt*, 670 F. Supp. 2d at 354 n.1).  The Complaint contains no such allegations of knowledge; therefore, it cannot support a claim for indirect infringement.

### IV. CONCLUSION

Therefore, the Court should dismiss Interval's Complaint against Google because Interval's Complaint fails to meet the pleading standards of Rule 8 of the Federal Rules of Civil Procedure as clarified by the Supreme Court in *Iqbal* and *Twombly*.

DATED this 18th day of October, 2010.

STOKES LAWRENCE, P.S.


By: s/ Shannon M. Jost
  Shannon M. Jost (WSBA #32511)
  Scott A.W. Johnson (WSBA #15543)
  Aneelah Afzali (WSBA #34552)

---

[1] It is not clear whether the Complaint pleads indirect infringement, but the Prayer for Relief requests "[p]ermanently enjoining Defendants … from further infringement, including contributory infringement and/or inducing infringement." (D.I. 1, p. 14.)

DEFENDANTS GOOGLE INC. AND YOUTUBE, LLC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(B)(6) - 2:10-cv-01385-MJP

49345-001\ 582289.DOC

-8-

**STOKES LAWRENCE, P.S.**
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

1 and

2 *Admitted Pro Hac Vice*
Kevin X. McGann
3 Dimitrios T. Drivas
John E. Handy
4 Aaron Chase
WHITE & CASE LLP
5 1155 Avenue of the Americas
New York, NY  10036-2787

7 Warren S. Heit
WHITE & CASE LLP
3000 El Camino Real
8 Building 5, 9th Floor
Palo Alto, CA  94306

Attorneys for Defendants Google Inc. and
10 YouTube, LLC

DEFENDANTS GOOGLE INC. AND YOUTUBE, LLC'S MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF
CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(B)(6) - 2:10-cv-
01385-MJP

49345-001\ 582289.DOC                              -9-

**STOKES LAWRENCE, P.S.**
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

# CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2010, I caused the foregoing DEFENDANTS GOOGLE INC. AND YOUTUBE, LLC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(b)(6) to be:

☒ electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiff Interval Licensing LLC**
Justin A. Nelson (jnelson@susmangodfrey.com)
Eric J. Enger (eenger@hpcllp.com)
Matthew R. Berry (mberry@susmangodfrey.com)
Max L. Tribble (mtribble@susmangodfrey.com)
Michael F. Heim (mheim@hpcllp.com)
Nathan J. Davis (ndavis@hpcllp.com)

**Attorneys for Office Depot, Inc.**
Edward J. Bennett (ebennett@wc.com)
Michael D. Hunsinger (mike_hunsingerlawyers@yahoo.com)

**Attorneys for OfficeMax, Inc.**
Kevin C. Baumgardner (kbaumgardner@corrcronin.com)
Steven W. Fogg (sfogg@corrcronin.com)

**Attorneys for Yahoo!**
Mark P. Walters (mwalters@flhlaw.com)
Dario A. Machleidt (dmachleidt@flhlaw.com)
Francis Ho (fho@mofo.com)
Richard S. J. Hung (rhung@mofo.com)
Michael Jacobs (mjacobs@mofo.com)
Matthew I. Kreeger (mkreeger@mofo.com)
Eric W. Ow (eow@mofo.com)

**Attorneys for eBay Inc., NetFlix, Inc., Office Depot, Inc. and Staples, Inc.**
J. Christopher Carraway (chris.carraway@klarquist.com)
John D. Vandenberg (john.vandenberg@klarquist.com)

DEFENDANTS GOOGLE INC. AND YOUTUBE, LLC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(B)(6) - 2:10-cv-01385-MJP

49345-001\ 582289.DOC

-10-

**STOKES LAWRENCE, P.S.**
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

1  **Attorneys for Apple Inc.**
   Scott T. Wilsdon (wilsdon@yarmuth.com)
2  Jeremy E. Roller (jroller@yarmuth.com)

3

4                           s/ Shannon M. Jost
                            Shannon M. Jost (WSBA #32511)
                            Attorney for Defendants
5                           Stokes Lawrence, P.S.
                            800 Fifth Avenue, Suite 4000
6                           Seattle, WA  98104
                            (206) 626-6000
7                           Fax:  (206) 464-1496
                            Shannon.jost@stokeslaw.com

DEFENDANTS GOOGLE INC. AND YOUTUBE, LLC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(B)(6) - 2:10-cv-01385-MJP

49345-001\ 582289.DOC                -11-

**STOKES LAWRENCE, P.S.**
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000