HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INTERVAL LICENSING LLC,<br><br>Plaintiff,<br><br>v.<br><br>AOL, INC, et al.,<br><br>Defendants. | Case No.: 2:10-cv-01385-MJP<br><br>DEFENDANTS GOOGLE INC. AND YOUTUBE, LLC'S MOTION TO DISMISS OR SEVER FOR MISJOINDER PURSUANT TO FED. R. CIV. P. 20 AND 21<br><br>**Note on Motion Calendar:**<br><br>**November 12, 2010** |

Pursuant to Fed. R. Civ. P. 20 and 21, defendants Google Inc. and YouTube, LLC (together, "Google"), through their undersigned counsel, respectfully move this Court to dismiss or sever them from the above-captioned action for misjoinder.

## I.  INTRODUCTION

Interval Licensing LLC ("Interval") has ignored the Federal Rules of Civil Procedure and Ninth Circuit law by attempting to improperly join eleven disparate and unrelated entities in a single action for patent infringement without alleging any coordinated action between them or any right to relief that arises out of "the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A).  Google should be dropped from the instant action, or the claims against it should be severed, because there is no allegation of, or any factual basis for

DEFENDANTS GOOGLE INC. AND YOUTUBE, LLC'S MOTION TO
DISMISS OR SEVER FOR MISJOINDER PURSUANT TO FED. R. CIV. P.
20 AND 21 - 2:10-cv-01385-MJP

49345-001\ 582288.DOC                                -1-

**STOKES LAWRENCE, P.S.**
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

alleging, a connection between Google and the other defendants with respect to Interval's claims of patent infringement.

## II. FACTUAL BACKGROUND

On August 27, 2010, Interval filed its Complaint alleging infringement of U.S. Patent Nos. 6,263,507 ("the '507 patent"); 6,034,652 ("the '652 patent"); 6,788,314 ("the '314 patent"); and 6,757,682 ("the '682 patent") (collectively, the "patents-in-suit") by Google, and infringement of the '507 and '682 patents by YouTube. (D.I. 1.)  By the same Complaint, Interval also alleged infringement of all four patents-in-suit by AOL, Inc., Apple, Inc., and Yahoo! Inc; infringement of the '507 and '682 patents by eBay, Inc., Netflix, Inc., Office Depot, Inc., OfficeMax, Inc., and Staples, Inc.; and infringement of the '682 patent by Facebook, Inc. *Id*. Interval does not – and cannot – allege that any of the named defendants are jointly or severally liable, conspired with each other, or acted in concert in any way.  Likewise, because many of the defendants are competitors and offer distinct products, technology, and services, Interval cannot allege that its claims against them arise out of "the same transaction, occurrence, or series of transactions or occurrences."[1]

## III. AUTHORITY AND ARGUMENT

### A. Plaintiff's Attempted Joinder of Google with Unrelated Defendants Ignores the Law

Rule 20 of the Federal Rules of Civil Procedure defines who may be permissively joined as defendants. Joinder is appropriate only if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; **and**

(B) any question of law or fact common to all defendants will arise in the action.

---

[1] Concurrent with this motion, Google has filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) based in part on the failure of the Complaint to identify with any particularity what products or services offered by Google allegedly infringe the patents-in-suit.  There is no basis to assume any relation or common transaction or occurrence as between any of Google's products or services and any of any other defendant's products or services.

DEFENDANTS GOOGLE INC. AND YOUTUBE, LLC'S MOTION TO
DISMISS OR SEVER FOR MISJOINDER PURSUANT TO FED. R. CIV. P.
20 AND 21 - 2:10-cv-01385-MJP
49345-001\ 582288.DOC

**STOKES LAWRENCE, P.S.**
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

-2-

Fed. R. Civ. P. 20(a)(2) (emphasis added).  "Thus, Rule 20 permits the joinder of multiple defendants only if two requirements are satisfied: transactional relatedness and commonality." *Bravado Int'l Grp. Merchandising Servs. v. Cha*, No. CV 09-9066 PSG, 2010 WL 2650432, at *1 (C.D. Cal. June 30, 2010).  In this case, Interval cannot meet at least the first part of Rule 20(a)(2), requiring "transactional relatedness" of its claims for relief.  Transactional relatedness is a fact-specific inquiry that examines whether the claims for relief arise from "related activities." *Id*. at *4; *see also Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith*, 564 F. Supp. 1358, 1370-71 (D. Del. 1983) (interpreting Fed. R. Civ. P. 20(a)(2)(A) as requiring "the existence of a right to relief predicated upon or arising out of a single transaction or occurrence or series thereof" and finding that "[a]llegations of [patent] infringement against two unrelated parties based on different acts do not arise from the same transaction").  The Ninth Circuit has interpreted the phrase "same transaction, occurrence, or series of occurrences" to require a degree of factual commonality underlying the claims.  *Id*. (citing *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997)); *Insituform Techs., Inc. v. Cat Contracting, Inc.*, 385 F.3d 1360, 1372 (Fed. Cir. 2004) (applying regional circuit law to questions of joinder).  No such commonality is alleged to exist here.

Where a party has been misjoined, Fed. R. Civ. P. 21 provides that "[on] motion or on its own, the court may at any time, on just terms, add or drop a party."

**B.     Defendants Are a Disparate Group of Unrelated Entities**

The defendants named in the Complaint either compete with each other, as in the case of, for example, Google and Yahoo!, or have entirely different businesses, as in the case of, for example, Google and Office Depot, Inc.  The eleven named defendants offer a wide and unrelated array of products, technologies, and services, from notepads and office furniture to Internet search capabilities.  There is no logical relationship between the defendants, and the Complaint contains no allegation that any two defendants (let alone all eleven defendants) conspired to injure Interval, or acted in concert in any way whatsoever.  Interval has inappropriately sued all defendants at once apparently to serve its own interests.

DEFENDANTS GOOGLE INC. AND YOUTUBE, LLC'S MOTION TO DISMISS OR SEVER FOR MISJOINDER PURSUANT TO FED. R. CIV. P. 20 AND 21 - 2:10-cv-01385-MJP

49345-001\ 582288.DOC                              -3-

**STOKES LAWRENCE, P.S.**
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

### C. Defendants Do Not Share Common Transactions or Occurrences

Courts have held that "[c]learly the common transaction requirement [of Fed. R. Civ. P. 20] has not been met" where "separate companies that independently design, manufacture and sell different products in competition with each other" are putatively joined in a patent infringement action. *Androphy v. Smith & Nephew*, 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998); *see also Paine, Webber*, 564 F. Supp. 1358 at 1371 ("[a]llegations of infringement against two unrelated parties based on different acts do not arise from the same transaction.").

Interval has not alleged that Google is related to any other defendant or has acted in concert with any other defendant to infringe the patents-in-suit. Google is at best, as to certain defendants such as Yahoo!, a competitor. There is no – and can be no – factual commonality underlying the claims asserted against Google and the other defendants because the defendants offer a diverse and distinct array of products and services. *WiAV Networks, LLC v. 3Com Corp.*, No. 10-03448, 2010 WL 3895047, at *3-4 (N.D. Cal. Oct. 1, 2010) (in a patent infringement case, finding that "plaintiff cannot escape the fact that it is suing unrelated and competing defendants for their own acts of patent infringement," and dismissing all but the first named defendant for misjoinder.); *see also Philips Elecs. N. Am. Corp. v. Contec Corp.*, 220 F.R.D. 415, 418 (D. Del. 2004) (granting defendant CMT's motion to sever because "the only connection between CMT and Hango is that they may have infringed the same patents . . . , which is an insufficient basis to join unrelated parties as defendants in the same lawsuit"). Moreover, Interval's failure to allege any coordination or common action between the defendants is fatal to its choice of defendants in this action. *Arista Records, LLC v. Does 1-4*, 589 F. Supp. 2d 151, 154 (D. Conn. 2008) ("The 'same transaction' requirement [of Fed. R. Civ. P. 20] means there must be some allegation that the joined defendants 'conspired or acted jointly.'") (citation omitted). Interval has not even accused all of the named defendants of infringing all of the asserted patents – rather, accusing certain defendants of infringing subsets of the asserted patents.

DEFENDANTS GOOGLE INC. AND YOUTUBE, LLC'S MOTION TO
DISMISS OR SEVER FOR MISJOINDER PURSUANT TO FED. R. CIV. P.
20 AND 21 - 2:10-cv-01385-MJP

49345-001\ 582288.DOC                         -4-

**STOKES LAWRENCE, P.S.**
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

Unrelated, competing companies offering different products, technologies, and services in different transactions do not participate in the same factual transaction or occurrence. Numerous courts have found that "joinder is often improper where [multiple] competing businesses have allegedly infringed the same patent by selling different products." *WiAV Networks, LLC*, 2010 WL 3895047, at *3 (citing *Spread Spectrum Screening, LLC v. Eastman Kodak Co.*, No. 10 C 1101, 2010 WL 3516106, at *2 (N.D. Ill. Sept. 1, 2010)); *see also Reid v. General Motors et al.,* 240 F.R.D. 260 (E.D. Tex. 2007) (granting defendant's motion to sever in a patent infringement case where co-defendants used different systems); *Philips Elecs.*, 220 F.R.D. 415 at 417 (granting defendant's motion to sever in a patent infringement case and finding that "[a]llegations of infringement against two unrelated parties based on different acts do not arise from the same transaction"); *New Jersey Mach. Inc. v. Alford Indus., Inc.*, Civ. A. No. 89-1879 (JCL), 1991 WL 340196, at *2 (D.N.J. Oct. 7, 1991) (holding in a patent infringement case that "claims of infringement against unrelated defendants, involving different machines, should be tried separately against each defendant").

In order to prove infringement, Interval must show that each and every limitation of the asserted claims is present in each asserted product or service. *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 821 (Fed. Cir. 1992). While it is impossible to tell from the Complaint which products or services Interval contends infringe its patents, both infringement and remedies analyses are intensely fact-specific processes. Joinder is improper here because each (as yet unknown) product or service accused of infringement will be subjected to its own, independent infringement analysis and damages evaluation, involving different evidence and witnesses. *Spread Spectrum*, 2010 WL 3516106 at *2 (in a patent infringement action, finding improper joinder under Rule 20 and severing claims pursuant to Rule 21 where "[t]he accused infringing software, other evidence and witnesses are all different and unique" as to defendants).

Finally, Google would be prejudiced by the sheer number of disparate, yet simultaneously presented, infringement and remedies arguments that a jury would necessarily be asked to analyze and parse if Interval were permitted to join all defendants. Compounding this

DEFENDANTS GOOGLE INC. AND YOUTUBE, LLC'S MOTION TO
DISMISS OR SEVER FOR MISJOINDER PURSUANT TO FED. R. CIV. P.
20 AND 21 - 2:10-cv-01385-MJP
49345-001\ 582288.DOC                                               -5-

**STOKES LAWRENCE, P.S.**
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

problem are Interval's allegations that each defendant has infringed either one, two, or all four of the patents-in-suit. Google should be dismissed from this case, or the claims against it should be severed, because a jury would become confused by a proceeding involving a multitude of unrelated products, infringement theories, and defenses. This likelihood of confusion and prejudice is precisely the reason why Rule 20 requires "transactional relatedness" for joinder of unrelated defendants.[2]

## IV.  CONCLUSION

Google respectfully requests that the Court dismiss Google from this case, or sever the claims against it, because joinder of defendants here is improper.

DATED this 19th day of October, 2010.

STOKES LAWRENCE, P.S.

By: s/ Shannon M. Jost
Shannon M. Jost (WSBA #32511)
Scott A.W. Johnson (WSBA #15543)
Aneelah Afzali (WSBA #34552)

and

*Admitted Pro Hac Vice*
Dimitrios T. Drivas
Kevin X. McGann
John Handy
Aaron Chase
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY  10036-2787

Warren S. Heit
WHITE & CASE LLP
3000 El Camino Real
Building 5, 9th Floor
Palo Alto, CA  94306

Attorneys for Defendants Google Inc. and YouTube, LLC

---

[2] Google would not object to any re-filed cases being heard in this Court in order to realize certain judicial efficiencies. Further, other tools, such as coordination or consolidation of discovery, particularly, for example as it relates to claim construction and/or validity of the patents-in-suit, may be employed to preserve judicial efficiency and party resources.

DEFENDANTS GOOGLE INC. AND YOUTUBE, LLC'S MOTION TO
DISMISS OR SEVER FOR MISJOINDER PURSUANT TO FED. R. CIV. P.
20 AND 21 - 2:10-cv-01385-MJP
49345-001\ 582288.DOC                    -6-

**STOKES LAWRENCE, P.S.**
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

# CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2010, I caused the foregoing DEFENDANTS GOOGLE, INC. AND YOUTUBE, LLC'S MOTION TO DISMISS OR SEVER FOR MISJOINDER PURSUANT TO FED. R. CIV. P. 20 AND 21 to be:

☒ electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiff Interval Licensing LLC**
Justin A. Nelson (jnelson@susmangodfrey.com)
Eric J. Enger (eenger@hpcllp.com)
Matthew R. Berry (mberry@susmangodfrey.com)
Max L. Tribble (mtribble@susmangodfrey.com)
Michael F. Heim (mheim@hpcllp.com)
Nathan J. Davis (ndavis@hpcllp.com)

**Attorneys for Office Depot, Inc.**
Edward J. Bennett (ebennett@wc.com)
Michael D. Hunsinger (mike_hunsingerlawyers@yahoo.com)

**Attorneys for OfficeMax, Inc.**
Kevin C. Baumgardner (kbaumgardner@corrcronin.com)
Steven W. Fogg (sfogg@corrcronin.com)

**Attorneys for Yahoo!**
Mark P. Walters (mwalters@flhlaw.com)
Dario A. Machleidt (dmachleidt@flhlaw.com)
Francis Ho (fho@mofo.com)
Richard S. J. Hung (rhung@mofo.com)
Michael Jacobs (mjacobs@mofo.com)
Matthew I. Kreeger (mkreeger@mofo.com)
Eric W. Ow (eow@mofo.com)

**Attorneys for eBay Inc., NetFlix, Inc., Office Depot, Inc. and Staples, Inc.**
J. Christopher Carraway (chris.carraway@klarquist.com)
John D. Vandenberg (john.vandenberg@klarquist.com)

DEFENDANTS GOOGLE INC. AND YOUTUBE, LLC'S MOTION TO DISMISS OR SEVER FOR MISJOINDER PURSUANT TO FED. R. CIV. P. 20 AND 21 - 2:10-cv-01385-MJP

49345-001\ 582288.DOC

-7-

**STOKES LAWRENCE, P.S.**
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

**Attorneys for Apple Inc.**
Scott T. Wilsdon (wilsdon@yarmuth.com)
Jeremy E. Roller (jroller@yarmuth.com)

                              s/ Shannon M. Jost
                              Shannon M. Jost (WSBA #32511)
                              Attorney for defendants
                              Stokes Lawrence, P.S.
                              800 Fifth Avenue, Suite 4000
                              Seattle, WA  98104
                              (206) 626-6000
                              Fax:  (206) 464-1496
                              Shannon.jost@stokeslaw.com

DEFENDANTS GOOGLE INC. AND YOUTUBE, LLC'S MOTION TO DISMISS OR SEVER FOR MISJOINDER PURSUANT TO FED. R. CIV. P. 20 AND 21 - 2:10-cv-01385-MJP

49345-001\ 582288.DOC                -8-

**STOKES LAWRENCE, P.S.**
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000