Hon. Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INTERVAL LICENSING LLC,<br><br>Plaintiff,<br><br>v.<br><br>AOL, INC.; APPLE, INC.; eBAY, INC.; FACEBOOK, INC.; GOOGLE INC.; NETFLIX, INC.; OFFICE DEPOT, INC.; OFFICEMAX INC.; STAPLES, INC.; YAHOO! INC.; AND YOUTUBE, LLC,<br><br>Defendants. | Case No. 2:10-cv-01385-MJP<br><br>**INTERVAL LICENSING LLC OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**<br><br>**JURY DEMAND** |

Plaintiff Interval Licensing LLC ("Interval") responds to the motion to dismiss for failure to state a claim filed by defendants Google Inc. and YouTube LLC. and joined by the other defendants in this litigation (the moving parties are referred to collectively in this brief as "Google.")

**INTRODUCTION**

With service of detailed infringement contentions only a few weeks away, Google seeks dismissal of the Complaint in this case because it fails to state a claim of patent infringement with sufficient specificity for Google to prepare its defense. (Br. at 2:11-13). The motion is nothing more than a delay tactic. Any alleged vagueness in the Complaint—

*INTERVAL OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM*
*No. 2:10-cv-01385-MJP*
*Page 1 of 14*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

which conforms to well-established patent practice—will be cured by Interval's infringement contentions. Google faces no meaningful prejudice from the nature of the allegations in the Complaint. Google and its fellow defendants seek only to slow the progress of this case on the merits through a distracting sideshow of baseless procedural objections.

To make its argument for dismissal, Google misstates the applicable legal standard and misreads Interval's Complaint. Google insists that the Supreme Court's 12(b)(6) decisions in *Twombly* and *Iqbal* have re-written the rules of patent pleading. Google fails to acknowledge that there is no binding authority adopting this view of *Twombly* and *Iqbal*, and other District Courts have been inconsistent, at best, in the application of these precedents to patent cases.

Google also repeatedly insists that Interval's Complaint fails to name the accused products. Again, Google is wrong. The Complaint explicitly alleges that each of the defendants' websites, and associated software and hardware, perform specified functions claimed in Interval's patents. The Complaint could not be more clear that the websites are the accused products, that they are accused because they execute certain functions, and that the associated hardware and software which allows the websites to perform these functions is also accused.

Google's argument that the Complaint in this case is too vague to allow it to prepare a response is utterly without merit. This motion should be denied.

## BACKGROUND

Interval filed its Complaint in this case on August 27, 2010, asserting claims for patent infringement against eleven defendants. As explained in the Complaint, Plaintiff

*INTERVAL OPPOSITION TO MOTION TO DISMISS*
*FOR FAILURE TO STATE A CLAIM*
*No. 2:10-cv-01385-MJP*
*Page 2 of 14*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

Interval Licensing is the assignee of Interval Research, a high-tech research company founded in 1992 by Paul Allen and David Liddle. Interval Research focused its development efforts on consumer-oriented applications with a pioneering emphasis on the Internet.

Interval's Complaint asserts claims of infringement under four patents, each of which protects technology developed by engineers at Interval Research in the mid- or late-1990s. All four of the patents describe advances in methods of displaying information, typically displaying information to users of computer systems. Since the 1990s, when engineers at Interval first developed these techniques, they have been adopted by a wide-range of businesses, including the eleven defendants in this case.

Interval's Complaint properly alleges this Court's jurisdiction and Interval's ownership of the patents-in-suit. Cmplt ¶¶ 13, 19, 31, 37, and 43. Google does not challenge the sufficiency of these allegations but argues that the Complaint's allegations that Google's products infringe the four named patents are so lacking in specificity that Google (and the other defendants who have joined the motion) are unable to prepare a response and the Complaint must therefore be dismissed under Fed. R. Civ. P. 12(b)(6). The defendants are wrong about the standard and wrong about the content of this Complaint.

**ARGUMENT**

**A.    Motions to Dismiss a Complaint Are Disfavored and Must Meet a Strict Standard.**

Notice pleading has long been a bedrock principle of the Federal Rules. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the   .

*INTERVAL OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM*
*No. 2:10-cv-01385-MJP*
*Page 3 of 14*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

. . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Because the standard for pleading a claim is minimal, the standard for granting a motion to dismiss for failure to state a claim is correspondingly strict. Motions to dismiss at the pleading stage are "viewed with disfavor and are rarely granted." *Eriksen v. Serpas*, 2009 WL 2406171 at *1 (E.D. Wa. 2009) (citing *Hall v. City of Santa Barbara*, 833 F.2d 1270 (9th Cir. 1986)). The Complaint is construed in the plaintiff's favor and all non-conclusory facts are accepted as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

### B. *Twombly* and *Iqbal* Have Not Altered the Notice Pleading Requirements for Patent Cases.

The requirements for pleading a claim of patent infringement consistent with Rule 8(a) are demonstrated by the template patent complaint contained in the Appendix of Forms to the Federal Rules of Civil Procedure. Form 18 contains only four short paragraphs of factual allegations: (1) statement of the court's jurisdiction; (2) a statement of the date of issuance and plaintiff's ownership of the patents; (3) a statement that the defendant is infringing the patents by "making selling, and using [specified devices] that embody the patented invention and the defendant will continue to do so unless enjoined by this court"; and (4) a statement that the plaintiff has complied with notice requirements. This standard has governed the pleading of patent cases for years with no apparent impairment of defendants' ability to answer the complaint or prepare a proper defense.

Google's motion is premised on the argument that the Supreme Court's recent decisions in *Twombly* and *Iqbal* radically revised the pleading requirements for patent infringement claims, effectively invalidating the notice pleading exemplified by Form 18. *Twombly* and *Iqbal* established a plausibility standard for pleadings under Rule 8(a) and held

*INTERVAL OPPOSITION TO MOTION TO DISMISS*
*FOR FAILURE TO STATE A CLAIM*
*No. 2:10-cv-01385-MJP*
*Page 4 of 14*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

that a Complaint must contain sufficient non-conclusory factual allegations to render the plaintiff's claim "plausible." *See Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556.) The standard was first described in *Twombly*, but *Iqbal* clarified that it applied to any civil case. *Iqbal*, 129 S.Ct. at 1953. *Iqbal* emphasized that the plausibility analysis on a motion to dismiss should be "a context specific task." Id. at 1950.

Proper application of these principles in the *patent* context remains an open issue. Neither *Twombly* nor *Iqbal* addressed patent claims or, for that matter, intellectual property claims of any sort. *Twombly* was an anti-trust case involving allegations that defendants had conspired to divide markets and keep out new entrants and *Iqbal* was a *Bivens* action alleging that the plaintiff prisoner had suffered physical abuse while in Federal custody. *See Twombly*, 550 U.S. at 550-51; *Iqbal*, 129 S.Ct. at 1943-44.

Price-fixing and prisoner abuse allegations are inherently different from patent infringement in many ways, including the types of allegations necessary to render the claim plausible. But the courts have not definitively addressed "context specific" implementation of the *Twombly* plausibility test in patent cases, as mandated by *Iqbal*. In particular, there has been no determination that the notice pleading standard exemplified by Form 18 no longer satisfies Rule 8(a). No Circuit Court has applied *Twombly* or *Iqbal* to a patent case and held that those decisions invalidate Form 18.[1] The only Circuit-level authority on the issue is a Federal Circuit case decided after *Twombly* but before *Iqbal* that expressly upheld the continuing validity of Form 18 and notice pleading in patent cases. *McZeal v. Sprint*

---

[1] Google argues that the Federal Circuit "questioned" whether compliance with Form 18 remains sufficient to state a claim for patent infringement. The unreported case on which Google relies for this point says only, in a footnote, that Form 18 is inapplicable to a claim

*INTERVAL OPPOSITION TO MOTION TO DISMISS*
*FOR FAILURE TO STATE A CLAIM*
*No. 2:10-cv-01385-MJP*
*Page 5 of 14*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

*Nextel Corp.*, 501 F.3d 1354, 1356-57 (Fed. Cir. 2008). Since *Iqbal*, some district courts considering the issue have questioned the continued validity of Form 18 as a template, others have reaffirmed it. *Compare, Bender v. LG Electronics USA, Inc.*, 2010 WL 889541, *5 (N.D. Cal.) (questioning the continuing viability of Form 18); *with Ware v. Circuit City Stores, et al.*, 2010 WL 767094, *2 (N.D. Ga.) (citing Form 18 as a complaint that "meets the requirements of Rule 8").

Google would replace notice pleading with a requirement that the Complaint contain a detailed explanation of *how* the allegedly infringing product satisfies each of the claim limitations contained in the patents in suit (*see, e.g.,* Br. at 6:9-10). Several context specific factors in patent cases suggest that such detailed claim-by-claim analysis is not necessary or justified at the pleading stage.

First, at least in this District and in most districts with patent-specific local rules, plaintiffs are required to provide a more detailed description of their infringement allegations in their initial infringement charts very early in the litigation. These more detailed early disclosures of infringement contentions undermines Google's overwrought claim that it would be "impossible" for it to "reasonably prepare a defense" to the current Complaint. (Br. at 2:12-13). *See PA Advisors v. Google, Inc.*, 2008 WL 4136426 at *6 (E.D. Tex). Requiring patent plaintiffs to incorporate infringement charts in every complaint would be duplicative and unwieldy and would extend *Iqbal* to the point of virtually eliminating the principle of notice pleading in patent cases.

---

involving a design patent and that the form has not been updated since *Iqbal*. *Colida v. Nokia, Inc.*, 347 Fed.Appx. 568, 571 n.2 (Fed. Cir. 2009).

*INTERVAL OPPOSITION TO MOTION TO DISMISS*
*FOR FAILURE TO STATE A CLAIM*
*No. 2:10-cv-01385-MJP*
*Page 6 of 14*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

Second, the extensive disclosure contained in patents themselves (which in this case are attached to the Complaint) provide additional detail supporting allegations of infringement in a patent complaint. As a result of the specification and claim language in any patent, defendants and their counsel are provided with a level of detail about the allegations in patent cases that goes far beyond that provided in almost any other kind of case.

Third, requiring patent plaintiffs to accurately plead infringement based on a detailed understanding of the operation of the defendant's accused product would erect an unjustifiable barrier to enforcement of patent rights. The Federal Circuit has rejected the argument that patent complaints must describe how the accused device satisfies each limitation of each asserted claim, and it has reiterated this position in a decision issued after *Twombly*. *McZeal*, 501 F.3d at 1357 (citing *Phonometrics, Inc. v. Hospitality Franchise Sys. Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000)). Notably, the Circuit Court recognized the importance of allowing the plaintiff to develop evidence in discovery about how the infringing device works. *Id*. at 1358. Detailed knowledge about the operation of the defendant's products is uniquely within the defendant's possession. Requiring the plaintiff to somehow obtain this level of detail about the defendant's products *before* bringing suit would prevent many patent owners from asserting legitimate claims because infringers manage to conceal details about how their products function.

Given these unique characteristics of patent litigation, *Twombly* and *Iqbal* should not be interpreted to have modified the well-established notice pleading requirements for patent cases, as exemplified by Form 18.

**C.     Interval's Complaint Satisfies the Notice Pleading Requirements of Fed. R. Civ. P. 8(a).**

*INTERVAL OPPOSITION TO MOTION TO DISMISS*
*FOR FAILURE TO STATE A CLAIM*
*No. 2:10-cv-01385-MJP*
*Page 7 of 14*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

Google complains repeatedly, indeed it is virtually the foundation of its motion, that Interval has failed to identify the specific product that allegedly infringes.  (Br. at  2:10-11, 13-14; 5:5, 25-26; 6:1-2, 21; 7:11-12, 19-20).  Google insists that because Interval has not identified any products, the Complaint fails to satisfy the notice pleading requirements exemplified by Form 18, much less the heightened pleading standard Google contends derives from *Twombly* and *Iqbal*.  (Br. at 6:21-23).

Google misreads the Complaint and its characterization of the infringement allegations is simply incorrect.  Interval *has* identified, with specificity, particular products that infringe Interval's patents.  In most instances, the infringement is manifested by the defendant's website and the Complaint states exactly that.  For example, the '682 patent protects technology that provides alerts to users about current information of interest to the user.  Defendants AOL, Apple, eBay, Facebook, Google, Netflix, Office Depot, OfficeMax, Staples, Yahoo, and YouTube all operate websites that infringe claims in this patent by providing such alerts to users.  The Complaint alleges in each case that the defendant is liable for "making and using websites and associated hardware and software to provide alerts that information is of current interest to a user as claimed in the patent."  The claimed functionality is present in the websites operated by these defendants and so no more specific disclosure of the accused "product" is necessary.

Google also argues that the Complaint is vague because it accuses both hardware and software.  (Br. at 6:1-2). In support of this argument, Google cites a case in which a patent plaintiff accused products including:

> without limitation, cell phones, computers, network drivers, high definition television sets, ultrasound machines, MRI machines, lab equipment, arbitrary waveform generators, audio amplifiers, video amplifiers, hard disc drives,

*INTERVAL OPPOSITION TO MOTION TO DISMISS*  
*FOR FAILURE TO STATE A CLAIM*  
*No. 2:10-cv-01385-MJP*  
*Page 8 of 14*

SUSMAN GODFREY L.L.P.  
1201 Third Avenue, Suite 3800  
Seattle, WA  98101-3000  
Tel:  (206) 516-3880; Fax: (206) 516-3883

> ADC/DAC converters, DVD-RW players, DSL modems, CCD cameras, satellite communication technology, and other products where high performance, high speed analog circuits are used, and/or components thereof. . .

*Bender v. LG Electronics USA, Inc.*, 2010 WL 889541 at *2 (N.D. Cal.) (cited in Br. at 6:2-3). But Interval's allegations are not remotely similar to this lengthy but seemingly random laundry list of electronics (and "lab equipment"). Interval accuses hardware and software not because Interval is unable to determine which of the two infringes, but because *both* do. Interval's patents include both claims that read on software and claims that read on hardware. As the Complaint indicates, Interval will provide claim charts explaining how the limitations of certain claims in the patents are met by software for each defendant who is accused of operating infringing software, and how limitations of other claims are met by hardware for each defendant who is accused of operating infringing hardware. Ironically, this element of the pleading, which Google criticizes for vagueness, is an example of precisely the sort of specificity Google claims to need in order to prepare a defense.

Other cases cited by Google also fail to establish that the allegations here are insufficient. The District Court for the Northern District of Georgia, for example, granted a motion to dismiss a patent complaint that identified the accused products with no more specificity than as "apparatuses covered by one or more claims of the '592 patent." *Ware v. Circuit City Stores, et al.*, 2010 WL 767094, *1 (N.D. Ga.) This allegation lacks the specificity about the accused product provided by Interval's allegation that the defendants' websites and associated hardware and software infringe the patents. Similarly, a plaintiff who alleged that the defendants "use of CYBON Systems infringes" one or more claims of the patent in suit, without explaining what CYBON Systems is, how it works, or what functionality is claimed by the patent, had not stated a claim sufficiently to withstand a

*INTERVAL OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM*
*No. 2:10-cv-01385-MJP*
*Page 9 of 14*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

motion to dismiss. *Calif. Institute of Computer Assisted Surgery, Inc. v. Med-Surgical Services, Inc.*, 2010 WL 3063132 (N.D. Cal.)  Interval's Complaint, by contrast, identifies the product and provides an explanation of the functionality that infringes one or more claims of the patent.

Interval's allegations concerning the '652 and '314 patents—which are asserted against only four of the eleven defendants in this case—do not accuse the defendants' websites of infringement, but accuse "products that display information in a way that occupies the peripheral attention of the user as claimed in the patent." *See, e.g.,* Cmplt ¶ 32. In context, and given that the patent itself is attached to and incorporated in the Complaint, these allegations are sufficient to satisfy Rule 8 and to put defendants AOL, Apple, Google, and Yahoo on notice about which features of which products are being accused of infringement.

### D. If Necessary, Interval Will Provide a More Definite Statement Incorporating Detailed Infringement Contentions.

Google's motion appears to serve no purpose other than delay.  As a sophisticated, repeat patent litigant, Google is well aware that it will receive a more detailed description of Interval's allegations in the initial infringement contentions.  Under the Court's scheduling order, these infringement contentions will be due within weeks.  Google has suffered no cognizable prejudice from any claimed lack of specificity in Interval's Complaint.  Indeed, Interval has agreed, at the defendants' request, to refrain from serving any discovery requests until two weeks after the initial infringement contentions are served.[2]

---

[2] Defendant Yahoo submitted a declaration from its in-house counsel in support of its joinder with Google's motion to dismiss claiming that Yahoo is unable to place a "litigation hold" on destruction of potentially relevant documents because it is unable to identify the nature of the claims

*INTERVAL OPPOSITION TO MOTION TO DISMISS*
*FOR FAILURE TO STATE A CLAIM*
*No. 2:10-cv-01385-MJP*
*Page 10 of 14*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

If the Court determines that any of the allegations in the Complaint are not sufficient to state a claim, Interval asks that instead of dismissing the case, the Court give Interval leave to file a more definite statement incorporating the initial infringement contentions and that the current calendar for the case be maintained.

## CONCLUSION

For the reasons stated above, Interval respectfully requests that Google's motion to dismiss for failure to state a claim be denied.

Dated: November 8, 2010           */s/ Edgar Sargent*
                                  Justin A. Nelson
                                  WA Bar No. 31864
                                  E-Mail: jnelson@susmangodfrey.com
                                  Matthew R. Berry
                                  WA Bar No. 37364
                                  E-Mail: mberry@susmangodfrey.com
                                  Edgar Sargent
                                  WA Bar No. 28283
                                  E-Mail: esargent@susmangodfrey.com
                                  SUSMAN GODFREY L.L.P.
                                  1201 Third Ave, Suite 3800
                                  Seattle, WA 98101
                                  Telephone: (206) 516-3880
                                  Facsimile: (206) 516-3883

                                  Max L. Tribble, Jr.
                                  E-Mail: mtribble@susmangodfrey.com
                                  SUSMAN GODFREY L.L.P.
                                  1000 Louisiana Street, Suite 5100
                                  Houston, Texas 77002
                                  Telephone: (713) 651-9366
                                  Facsimile: (713) 654-6666

---

asserted against it.  This position is disingenuous at best; Yahoo is a sophisticated technology company and the language in the complaint and language in the patents is more than sufficient to put Yahoo on notice of the general scope of the claims.  However, in the interest of compromise and of moving this case forward, Interval will stipulate not to raise any spoliation arguments based on the non-malicious destruction of documents caused by Yahoo's failure to impose a litigation hold between the time of the filing of the Complaint and service of the initial infringement contentions.

|   |   |
|---|---|
| 1 | Michael F. Heim |
| 2 | E-mail: mheim@hpcllp.com |
|   | Eric J. Enger |
| 3 | E-mail: eenger@hpcllp.com |
|   | Nate Davis |
| 4 | E-mail: ndavis@hpcllp.com |
|   | HEIM, PAYNE & CHORUSH, L.L.P. |
| 5 | 600 Travis, Suite 6710 |
|   | Houston, Texas 77002 |
| 6 | Telephone: (713) 221-2000 |
| 7 | Facsimile: (713) 221-2021 |
| 8 | Attorneys for INTERVAL LICENSING LLC |

# CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

**Attorneys for AOL, Inc.**

| | |
|---|---|
| Aneelah Afzali | aneelah.afzali@stokeslaw.com |
| Cortney Alexander | cortney.alexander@finnegan.com |
| Robert Burns | robert.burns@finnegan.com |
| Elliot Cook | elliot.cook@finnegan.com |
| Gerald Ivey | gerald.ivey@finnegan.com |
| Scott Johnson | scott.johnson@stokeslaw.com |
| Shannon Jost | shannon.jost@stokeslaw.com |

**Attorneys for Apple, Inc.**

| | |
|---|---|
| David Almeling | dalmeling@omm.com |
| Brian Berliner | bberliner@omm.com |
| George Riley | griley@omm.com |
| Jeremy Roller | jroller@yarmuth.com |
| Scott Wilsdon | wilsdon@yarmuth.com |
| Neil Yang | nyang@omm.com |

**Attorneys for eBay, Inc., Netflix, Inc., and Staples, Inc.**

| | |
|---|---|
| Chris Carraway | chris.carraway@klarquist.com |
| Arthur Harrigan, Jr. | arthurh@dhlt.com |
| John Vandenberg | john.vandenberg@klarquist.com |
| Christopher Wion | chrisw@dhlt.com |

**Attorneys for Facebook, Inc.**

| | |
|---|---|
| Christen Dubois | cdubois@cooley.com |
| Heidi Keefe | hkeefe@cooley.com |
| Michael Rhodes | mrhodes@cooley.com |
| Elizabeth Stameshkin | lstameshkin@cooley.com |
| Mark Weinstein | mweinstein@cooley.com |

**Attorneys for Google, Inc. and YouTube, LLC**

| | |
|---|---|
| Aneelah Afzali | aneelah.afzali@stokeslaw.com |
| Aaron Chase | achase@whitecase.com |
| Dimitrios Drivas | ddrivas@whitecase.com |
| John Handy | jhandy@whitecase.com |
| Warren Heit | wheit@whitecase.com |
| Scott Johnson | scott.johnson@stokeslaw.com |
| Shannon Jost | shannon.jost@stokeslaw.com |
| Kevin McGann | kmcgann@whitecase.com |
| Wendi Schepler | wschepler@whitecase.com |

*INTERVAL OPPOSITION TO MOTION TO DISMISS*
*FOR FAILURE TO STATE A CLAIM*
*No. 2:10-cv-01385-MJP*
*Page 13 of 14*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

**Attorneys for Office Depot, Inc.**
Chris Carraway                    chris.carraway@klarquist.com
John Vandenberg                   john.vandenberg@klarquist.com
Arthur Harrigan, Jr.              arthurh@dhlt.com
Christopher Wion                  chrisw@dhlt.com

**Attorneys for OfficeMax, Inc.**
Kevin Baumgardner                 kbaumgardner@corrcronin.com
Steven Fogg                       sfogg@corrcronin.com
John Letchinger                   letchinger@wildman.com
Douglas Rupert                    rupert@wildman.com

**Attorneys for Yahoo! Inc.**
Francis Ho                        fho@mofo.com
Richard S.J. Hung                 rhung@mofo.com
Michael Jacobs                    mjacobs@mofo.com
Matthew Kreeger                   mkreeger@mofo.com
Dario Machleidt                   dmachleidt@flhlaw.com
Eric Ow                           eow@mofo.com
Mark Walters                      mwalters@flhlaw.com

By: /s/ Edgar Sargent
    Edgar Sargent

*INTERVAL OPPOSITION TO MOTION TO DISMISS*
*FOR FAILURE TO STATE A CLAIM*
*No. 2:10-cv-01385-MJP*
*Page 14 of 14*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883