UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INTERVAL LICENSING LLC, | CASE NO. C10-1385 MJP |
| Plaintiff, | ORDER ON MOTIONS TO DISMISS |
| v. | |
| AOL, INC.; APPLE, INC.; EBAY INC.; FACEBOOK, INC.; GOOGLE INC.; NETFLIX, INC.; OFFICE DEPOT, INC.; OFFICEMAX INC.; STAPLES, INC.; YAHOO! INC.; and YOUTUBE LLC, | |
| Defendants. | |

This matter comes before the Court on Defendants Google, Inc.'s and YouTube LLC's motion to dismiss (Dkt. No. 62) in which Defendants Office Max, Inc., eBay, Inc., Netflix, Inc., Office Depot, Inc., Staples Inc., Yahoo! Inc., AOL Inc., and Facebook, Inc. join (Dkt. Nos. 74, 82, 84, 90, 92), and Defendant Apple Inc.'s motion to dismiss (Dkt. No. 80). Having reviewed the motions, Plaintiff Interval Licensing LLC's response (Dkt. No. 123), the replies (Dkt. Nos. 130, 131, 133, 135, 138, 139, 143), and all supporting papers, the Court GRANTS the motion and DISMISSES the complaint with leave to amend.

**Background**

Plaintiff has filed a complaint against eleven defendants, arguing that they have variously infringed on four patents Plaintiff holds: (1) United States Patent No. 6,263,507 ('507 patent); (2) United States Patent No. 6,034,652 ('652 patent); (3) United States Patent No. 6,788,314 ('314 patent); and (4) United States Patent No. 6,757,682 ('682 patent). The allegations in the complaint are spartan. They identify the patent numbers and titles, as well as the nature of the business that developed the patents. Plaintiff then serially alleges that certain defendants have infringed on the patents. Plaintiff does not indicate with any specificity which of Defendants' products or devices infringe the patents.

As to the '507 patent, Plaintiff alleges as that each Defendant except Facebook:

> . . . has infringed and continues to infringe on one or more claims of the '507 patent. [Each Defendant except Facebook] is liable for infringing the '507 patent under 35 U.S.C. § 271 by making and using websites, hardware, and software to categorize, compare, and display segments of a body of information as claimed in the patent.

(Complaint ¶ 24; see id. ¶¶ 21-30.) As to the '652 patent, Plaintiff alleges that Defendants AOL, Apple, Google, and Yahoo! have "infringed and continue[] to infringe one or more claims in the '652 patent" and that they do so "by making, using, offering, providing, and encouraging customers to use products that display information in a way that occupies the peripheral attention of the user as claimed in the patent." (See id. ¶¶ 33-36.) As to the '314 patent, Plaintiff alleges that AOL, Apple, Google, and Yahoo! have infringed on the claims of the patent by "making, using, offering, providing, and encouraging customers to use products that display information in a way that occupies the peripheral attention of the user as claimed in the patent." (See id. ¶¶ 40-42.) And as to the '682 patent, Plaintiff alleges that all Defendants have infringed on one or more claim of the patent "by making and using websites and associated hardware and software to

provide alerts that information is of current interest to a user as claimed in the patent." (See id. ¶¶ 45-55.)

Defendants move to dismiss the complaint on the theory that it lacks sufficient detail to satisfy Rule 8 and the Supreme Court's rulings in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

**Analysis**

A.   Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). A plaintiff must "provide the 'grounds' of his 'entitle[ment] to relief.'" Twombly, 550 U.S. at 555 (citations omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).

The Federal Rules of Civil Procedure provide Form 18 as the example complaint for patent infringement. The model complaint requires Plaintiff to set forth the patent number, the date on which the patent was issued and the general nature of the patented invention (in the case of the Form, an "electric motor"). The Form further requires an allegation that "[t]he defendant has infringed and is still infringing on the Letters Patent by making selling, and using *electric motors* that embody the patented invention, and that defendant will continue to do so unless enjoined by this court." Fed. R. Civ. P. Form 18 (emphasis in original). The Form thus requires some specificity as to defendant's product that purportedly infringes the patent. The parties

1  dispute whether Twombly and Iqbal made Form 18 inadequate to satisfy Rule 8.  The Court does

2  not find it necessary to determine whether Form 18 is no longer adequate under Twombly and

3  Iqbal because Plaintiff's complaint fails to satisfy either the Supreme Court's interpretation of

4  Rule 8 or Form 18.

5        The Court disagrees with Plaintiff's argument that Twombly and Iqbal do not apply to

6  patent suits.  (See Dkt. No. 123 at 4-5.)  Plaintiff cites a Federal Circuit decision to suggest that

7  notice pleading in patent suits is unchanged by Twombly.  See McZeal v. Sprint Nextel Corp.,

8  501 F.3d 1354, 1356-57 (Fed. Cir. 2008) (decided after Twombly but before Iqbal).  The court in

9  McZeal did not make such a broad holding.  Rather, the divided court, which was considering a

10  pro se complaint to which a deferential standard applies, held that the plaintiff still had to "plead

11  facts sufficient to place the alleged infringer on notice as to what he must defend."  Id. at 1357

12  (citing Twombly, 550 U.S. at 565 n.10).  The court made no attempt to hold that Twombly does

13  not apply to the patent context.  The Supreme Court has also made clear that its interpretation in

14  Twombly has an extremely broad reach.  After Twombly, the Court applied the same rule in the

15  context of prisoner litigation in Iqbal.  If the Supreme Court believes the Twombly rule applies

16  in the context of both antitrust and prisoner litigation, there is no little reason to believe the Court

17  would not also apply the rule to patent suits.  Plaintiff has certainly not provided a convincing

18  reason for this outcome.  Indeed, even under McZeal's rationale (on which Plaintiff relies

19  heavily), Plaintiff must identify sufficient facts about the allegedly infringing device to put

20  Defendants on notice of their infringing conduct, as required by Iqbal and Form 18.

21        Thus, the Court requires Plaintiff to assert sufficient facts as to the nature and identity of

22  the purportedly infringing products and devices that form the basis of the complaint.  These

23

24

1  allegations must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that
2  is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570).

3  B.    Adequacy of the Pleadings

4  Plaintiff's complaint does not satisfy Rule 8 or Form 18 because Plaintiff has failed to
5  identify the infringing products or devices with any specificity.  The Court and Defendants are
6  left to guess what devices infringe on the four patents.  Plaintiff only indicates that Defendants
7  have websites, hardware, and software that infringe on the patents or that they are encouraging
8  third parties to use products that infringe on the patents.  This fails to indicate to Defendants
9  which of their myriad products or devices may be at issue.  These allegations are insufficient to
10 put Defendants on "notice as to what [they] must defend." McZeal, 501 F.3d at 1357 (citing
11 Twombly, 550 U.S. at 565 n.10).  They are also too generic to satisfy Form 18.  Plaintiff urges
12 the Court and Defendants to have patience and simply await delivery of the infringement
13 contentions as required by Local Rule.  This ignores that Local Rules do not trump the Federal
14 Rules of Civil Procedure or the Supreme Court's mandate in Twombly and Iqbal. Fed. R. Civ. P.
15 83(a)(1); Iqbal, 129 S. Ct. at 1950, 1953.  Plaintiff's complaint is little more than labels and
16 conclusions, which are inadequate under Twombly, Iqbal, and even Form 18.  The Court
17 GRANTS the motions to dismiss.

18 The two cases Plaintiff relies on to support a different outcome are factually
19 distinguishable.  The court in McZeal considered a pro se complaint and employed the
20 deferential standards that apply to such pleadings. McZeal, 501 F.3d at 1356 ("Where, as here, a
21 party appeared pro se before the trial court, the reviewing court may grant the pro se litigant
22 leeway on procedural matters, such as pleading requirements.")  Here, Plaintiff is represented by
23 counsel and no deferential standard applies.  Moreover, the pro se plaintiff in McZeal
24

1  specifically identified the purportedly infringing product, a Motorola i930 cellular telephone. Id.
2  at 1355. Plaintiff has failed to match the specificity that the pro se plaintiff in McZeal mustered.
3  McZeal is thus distinguishable. Ware v. Circuit City Stores, Inc., et al., 4:05-CV-0156-RLV,
4  2010 WL 767094 (N.D. Ga. Jan. 5, 2010)), is also factually distinguishable and actually supports
5  Defendants' position. (See Dkt. No. 123 at 6, 9.) The court in Ware held that the plaintiffs'
6  amended pleadings which only identified the name of the defendant and paraphrased 35 U.S.C. §
7  271(a) were inadequate to survive dismissal "[e]ven with the liberal notice pleading requirements
8  of Rule 8." Ware, 2010 WL 767094, at *2. The court found plaintiffs' failed to identify the
9  infringing device with adequate specificity, even though it used the word "apparatuses" to
10 describe the infringing product. Id. Similar to the complaint in Ware, Plaintiff's complaint here
11 fails to identify the purportedly infringing products with any reasonable specificity.

12      The Court gives Plaintiff leave to file an amended complaint within 15 days of the
13 scheduling conference, which is set to take place on December 13, 2010. This is the same date
14 by which Plaintiff contends it will file its purportedly curative and detailed infringement
15 contentions. See Local Patent Rule 120 (requiring disclosure of asserted claims and
16 infringement contentions within 15 days of a scheduling conference); (Dkt. No. 123 at 10.)
17 Thus, the task of amending the complaint with the necessary detail should not be onerous.

18      In amending the complaint, Plaintiff must identify which of Defendants' products,
19 devices, or schemes allegedly infringe on Plaintiff's patents. Plaintiff need not describe how the
20 accused devices satisfy each limitation of each asserted claim. See McZeal, 501 F.3d at 1357.
21 Plaintiffs should, where possible, set forth the specific websites that are at issue and identify the
22 hardware and software with adequate detail for Defendants to know what portions of their
23 business operations are in play in this litigation. Where possible, the Court urges Plaintiff to
24

ORDER ON MOTIONS TO DISMISS- 6

identify the infringing hardware and software with any relevant product identifiers (e.g., SKUs, barcodes, or other identifiers) and descriptions. Plaintiff must also add greater factual detail as to the conduct or devices that make or encourage Defendants' customers to "use products that display information in a way that occupies the peripheral attention of the user" (See, e.g., Compl. ¶¶ 33, 39.) This is consistent with Twombly and Iqbal, which require Plaintiff to identify the factual basis for its claims. See, e.g., Bender v. L.G. Elecs. U.S.A., Inc., No. C09-02114 JF (PVT), 2010 WL 889541, at *3 (N.D. Cal. Mar. 11, 2010). This is also consistent with Form 18, which requires identification of the product or device alleged to infringe on the patent.

## Conclusion

Plaintiff's complaint lacks adequate factual detail to satisfy the dictates of Twombly and Iqbal. The complaint also fails to provide sufficient factual detail as suggested by Form 18. The Court GRANTS the motion to dismiss and gives Plaintiff leave to file an amended complaint by no later than December 28, 2010.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 10th day of December, 2010.

Marsha J. Pechman
United States District Judge