UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INTERVAL LICENSING LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>AOL, INC., et al.,<br><br>    Defendants. | CASE NO. C10-1385 MJP<br><br>ORDER ON MOTIONS FOR RECONSIDERATION |

This matter comes before the Court on three motions for reconsideration of the Scheduling Order. (Dkt. Nos. 184, 185, 187.) The Court GRANTS in part and DENIES in part the motions.

All three motions point to new authority from the Federal Circuit that could not have been presented earlier and that reconsideration is necessary. See Local Rule CR 7(h); In re Katz Interactive Call Processing Patent Litig., 2011 WL 607381 (Fed. Cir. Feb. 18, 2011). While this case only vaguely relates to issues decided in the Court's Scheduling Order, the Court finds good cause to reconsider its order on the narrow grounds Defendants raise.

\\

ORDER ON MOTIONS FOR
RECONSIDERATION- 1

A.     Motion filed by eBay, Netflix, Office Depot and Staples

The Court finds persuasive Defendants eBay, Netflix, Office Depot, and Staples' request to be permitted to present 20 claim terms in the '682/'507 patent track, rather than only 10. The Court therefore AMENDS its scheduling order and permits the parties in the '682/'507 track to present 20 claim terms for claims construction (10 per patent) in the initial Markman hearing.

These four defendants also request clarification as to whether the limitation on claims for claims construction also limits the number of claims that can be challenged as indefinite, as being invalid, or as having no patentable weight. (Dkt. No. 184 at 5-6.) The Court's Scheduling Order places no limit on these types of challenges.

These four defendants lastly request the Court alter its Scheduling Order as to the page limits on motions. (Dkt. No. 184 at 6-7.) The Court DENIES the request for sixty pages of briefing on joint dispositive motions and 40 for reply briefs. However, the Court clarifies that the Defendants may file multiple dispositive motions in this case so long as it is not done to thwart the page limits set in the Scheduling Order. Dispositive motions should only be filed when the issues presented are fully ripe. If the Defendants in a particular track wish to file multiple dispositive motions at the same time or within two weeks of each other, they are required to obtain leave of court, pursuant to the Scheduling Order. The Court encourages the parties to present dispositive issues in the most direct and persuasive manner, which does not require novel-length briefing.

B.     Motion filed by Defendant Facebook

Defendant Facebook seeks reconsideration of the Scheduling Order and requests that the Court permit it to present an unspecified number of claim terms for claims construction. As the Court explains above, it will permit the parties to present 20 claim terms for construction (10 per

patent) in the '682/'507 track.  If any party requests the Court to consider additional claim terms for construction beyond those allotted, it must show good cause by formal motion.  The limitation on the number of terms is to preserve the ability of the Court to respond thoughtfully to the request for interpretation of terms.  Swamping the Court does not benefit the process.

The Court GRANTS in part and DENIES in part Facebook's motion.

C.        Motion filed by Defendants Google and YouTube

Defendants Google and YouTube ask the Court to raise the limit of claims terms that can be presented at the initial Markman hearing.  As the Court has done in the '682/'507 track, the Court also permits the parties to submit 20 claim terms for the '652/'314 track (10 per patent).  If any party requests the Court consider additional claim terms for construction beyond the 20 allotted, it must show good cause by formal motion.  Moreover, as Google and YouTube request, if any party in either track believes it necessary to present additional claim terms for construction after the initial Markman hearing, or if the time allotted for the initial Markman is insufficient, the Court will entertain a request for an additional Markman hearing or an extension of the currently-scheduled hearing.  The Court therefore GRANTS Defendants Google's and YouTube's motion.

**Conclusion**

The Court AMENDS its scheduling order to permit the parties to present 10 claim terms per patent for claims construction at the initial Markman hearing.  The Court also permits the parties to submit any request for an extension of the initial Markman hearing or for an additional Markman hearing by formal motion.  Further, if any party believes it requires additional claim terms to be decided at claims construction, it must present its request by formal motion.  The

1 | Court GRANTS the motions on this issue.  However, the Court DENIES Defendants' request for
2 | additional pages.
3 |     The clerk is ordered to provide copies of this order to all counsel.
4 |     Dated this 15th day of March, 2011.

Marsha J. Pechman
United States District Judge

ORDER ON MOTIONS FOR
RECONSIDERATION- 4