UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INTERVAL LICENSING LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>AOL, INC. et al.,<br><br>        Defendants. | CASE NO. C10-1385 MJP<br><br>ORDER GRANTING SEVERANCE, CONSOLIDATING CASES, AND DENYING REQUEST FOR STAY |

This matter comes before the Court on Defendants' motions to dismiss or sever (Dkt. Nos. 192, 193, 215, 216, 217 (including joinders)) and Defendants' motion to stay pending reexamination (Dkt. No. 198). The Court has reviewed the motions and joinders, the responses (Dkt. Nos. 200, 206), the replies (Dkt. Nos. 203, 205, 211), and all related papers. The Court heard oral argument on the motions to dismiss or sever on April 25, 2010 and GRANTED the motion to sever, but DENIED the motion to dismiss. The Court also orally DENIED the motion to stay without oral argument. This written ruling expands on the Court's oral rulings.

ORDER GRANTING SEVERANCE,
CONSOLIDATING CASES, AND DENYING
REQUEST FOR STAY- 1

**Background**

Interval Licensing LLC filed suit against 11 individual defendants, asserting that each has infringed on four patents. The complaint alleges Defendants have each infringed on Plaintiff's four patents. Defendants argue their purported infringement arises out of separate and distinct transactions and occurrences, making permissive joinder improper. There are no allegations that the Defendants have operated together or acted in concert to infringe on the patents.

Defendants have filed requests for inter partes reexamination of the four patents at issue with the U.S. Patent and Trademark Office ("PTO"). As of the date of this order, the PTO has not determined whether to accept the reexamination requests.

**Analysis**

A.   <u>Permissive Joinder Improper</u>

Rule 20(a)(2) allows a plaintiff to join several defendants in one action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." The Ninth Circuit has stated that Rule 20 "permits the joinder of plaintiffs in one action if: (1) the plaintiffs assert any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there are common questions of law or fact." <u>Coughlin v. Rogers</u>, 130 F.3d 1348, 1350 (9th Cir. 1997). Rule 20 "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." <u>League to Save Lake Tahoe v. Tahoe Reg. Planning Agency</u>, 558 F.2d 914, 917 (9th Cir. 1972). "If the test for permissive joinder is not satisfied, a court, in its discretion, may sever

ORDER GRANTING SEVERANCE,
CONSOLIDATING CASES, AND DENYING
REQUEST FOR STAY- 2

1  the misjoined parties, so long as no substantial right will be prejudiced by the severance."

2  Coughlin, 130 F.3d at 1350 (citing Fed. R. Civ. P. 21).

3       There is no binding Ninth Circuit authority on when joinder is appropriate in a patent
4  case where the plaintiff sues divergent defendants for infringing the same patent.  District courts
5  in the Ninth Circuit that have considered such cases largely find joinder inappropriate.  See
6  WiAV Networks LLC v. 3Com Corp., No. C10-3488 WHA, 2010 WL 3895047, at *3 (N.D. Cal.
7  Oct. 1, 2010) (finding severance proper in a patent infringement suit brought against 40 unrelated
8  defendants with unrelated products); Golden Scorpio Corp. v. Steel Horse Bar & Grill, 596 F.
9  Supp. 2d 1282, 1285 (D. Ariz. 2009) (finding that plaintiff's infringement claims did not arise out
10 of same transaction where defendants were alleged to have acted independently in infringing the
11 same trademark); San Francisco Tech., Inc. v. The Glad Prods. Co., No. 10-CV-00966, 2010 WL
12 2943537, at *5 (N.D. Cal. July 26, 2010) (finding joinder improper where the only commonality
13 between 21 unrelated defendants was that each allegedly violated 35 U.S.C. § 292).  The
14 reasoning of these cases is sound and based on a fair reading of Rule 20 and related Ninth Circuit
15 precedent.  It is difficult to find joinder proper when the only shared facts alleged against
16 multiple defendants is that each infringed the same patent.  Plaintiff claims that the cases
17 Defendants cite employ a per se rule that bars joinder of defendants in patent infringement cases.
18 This is not accurate.  Each case examined the rule in the context of the allegations of the
19 particular case and found joinder improper.  The Court does not impose a per se rule.

20      Plaintiff relies only two out of circuit and unpersuasive district court cases in support of
21 its view that joinder is appropriate.  In MyMail Ltd. v. Am. Online, Inc., et al., the court found
22 joinder proper under a different rule than the Ninth Circuit employs.  It wrote that joinder is
23 proper if "there is some connection or logical relationship between the various transactions or
24

ORDER GRANTING SEVERANCE,
CONSOLIDATING CASES, AND DENYING
REQUEST FOR STAY- 3

occurrences," and that a logical relationship requires only a "nucleus of operative facts or law." 223 F.R.D. 455, 456 (E.D. Tex. 2004). This is not the state of the law in the Ninth Circuit as to Rule 20. Similarly, in <u>Mannatech, Inc. v. Country Life, LLC</u>, the court found joinder of three defendants in a patent infringement suit appropriate under the "logical relationship" rule, which is not Ninth Circuit law. 2010 WL 2944574, at *1-2 (N.D. Tex. July 26, 2010). Reliance on these cases would be misplaced and Court will not follow them.

Based on an application of the relevant Ninth Circuit law and the guidance of other district courts, the Court finds joinder improper. Plaintiff has not alleged that the Defendants have engaged in the same transaction or occurrence or series of transactions or occurrences. Rather, Defendants are accused of infringing the patents in similar ways, but not as part of the same transaction or occurrence or series of transactions or occurrences. Each Defendant operates differently and offers products that often compete with those of other Defendants. Joinder is thus improper under Rule 20(a). The Court therefore GRANTS the request to sever, but not does not find dismissal the proper remedy. The Court therefore SEVERS all of the Defendants from the single action and assigns each case against each defendant a separate case number, as explained below.

The Court also consolidates all eleven cases for all pretrial proceedings and for trial pursuant to Rule 42(a). The claims asserted against the Defendants share many common questions of law and fact regardless of the fact Defendants have not allegedly engaged in the same transactions or occurrences sufficient to satisfy Rule 20. The eleven cases will be consolidated under Case No. C10-1385 MJP as the lead case. The current scheduling order in this case (C10-1385 MJP, Dkt. No. 178) will govern all eleven actions, although the Court requests the parties meet and confer and file a joint status report as to what dates in the current

1  scheduling order need to be amended or altered.  The status report shall be filed within 15 days
2  of entry of this order.  The Court does not make any binding determination as to how it will run
3  the trials in this matter.  That issue will be decided later.
4        The Court directs the Clerk to open ten new cases that shall be assigned to the severed
5  cases as follows and shall bear the following captions:

6      INTERVAL LICENSING LLC,            CASE NO. C10-1385 MJP
7              Plaintiff,
8        v.
9      AOL, INC.,
10             Defendant.
11
12     INTERVAL LICENSING LLC,            CASE NO. C11-708 MJP
13             Plaintiff,                             LEAD CASE NO. C10-1385 MJP
14       v.
15     APPLE, INC.,
16             Defendant.
17
18     INTERVAL LICENSING LLC,            CASE NO. C11-709 MJP
19             Plaintiff,                             LEAD CASE NO. C10-1385 MJP
20       v.
21     EBAY, INC.,
22             Defendant.
23
24

| | | |
|---|---|---|
| 1 | INTERVAL LICENSING LLC, | CASE NO. C11-710 MJP |
| 2 | Plaintiff, | LEAD CASE NO. C10-1385 MJP |
| 3 | v. | |
| 4 | FACEBOOK, INC., | |
| 5 | Defendant. | |
| 6 | | |
| 7 | INTERVAL LICENSING LLC, | CASE NO. C11-711 MJP |
| 8 | Plaintiff, | LEAD CASE NO. C10-1385 MJP |
| 9 | v. | |
| 10 | GOOGLE, INC., | |
| 11 | Defendant. | |
| 12 | | |
| 13 | INTERVAL LICENSING LLC, | CASE NO. C11-712 MJP |
| 14 | Plaintiff, | LEAD CASE NO. C10-1385 MJP |
| 15 | v. | |
| 16 | NETFLIX, INC., | |
| 17 | Defendant. | |
| 18 | | |
| 19 | INTERVAL LICENSING LLC, | CASE NO. C11-713 MJP |
| 20 | Plaintiff, | LEAD CASE NO. C10-1385 MJP |
| 21 | v. | |
| 22 | OFFICE DEPOT INC., | |
| 23 | Defendant. | |
| 24 | | |

| | | |
|---|---|---|
| 1 | INTERVAL LICENSING LLC, | CASE NO. C11-714 MJP |
| 2 | Plaintiff, | LEAD CASE NO. C10-1385 MJP |
| 3 | v. | |
| 4 | OFFICEMAX INC., | |
| 5 | Defendant. | |
| 6 | | |
| 7 | INTERVAL LICENSING LLC, | CASE NO. C11-715 MJP |
| 8 | Plaintiff, | LEAD CASE NO. C10-1385 MJP |
| 9 | v. | |
| 10 | STAPLES INC., | |
| 11 | Defendant. | |
| 12 | | |
| 13 | INTERVAL LICENSING LLC, | CASE NO. C11-716 MJP |
| 14 | Plaintiff, | LEAD CASE NO. C10-1385 MJP |
| 15 | v. | |
| 16 | YAHOO! INC., | |
| 17 | Defendant. | |
| 18 | | |
| 19 | INTERVAL LICENSING LLC, | CASE NO. C11-717 MJP |
| 20 | Plaintiff, | LEAD CASE NO. C10-1385 MJP |
| 21 | v. | |
| 22 | YOUTUBE LLC, | |
| 23 | Defendant. | |
| 24 | | |

1    With limited exceptions, all filings in this consolidated action must be filed in Case No.
2  C10-1385 MJP and the related individual case docket.  For example, if Defendant Google files a
3  motion, it must enter it in C11-711 MJP and C10-1385 MJP.  Google does not need to file
4  anything on the remaining individual case dockets.

5    The Court directs Plaintiff to refile its amended complaint (C10-1385 MJP, Docket
6  Number 153) in each one of the newly opened cases.  Plaintiff shall file its amended complaint
7  within 5 days of entry of this order.  Consistent with 28 U.S.C. § 1914(a), Plaintiff is ordered to
8  pay the filing fee if $350.00 for each newly opened case at the time it files the amended
9  complaint in each action.  Each Defendant is then directed to refile its answer to the amended
10 complaint in the case related to it within 5 days after Plaintiff files the amended complaint in
11 each individual case.  Only as to this answer the Defendants are not to file their answer in any
12 other case docket, including C10-1385 MJP.  For example, Defendant Google will file its answer
13 to the amended complaint only in C11-711 MJP.  Plaintiff need not refile its amended complaint
14 in C10-1385 MJP.

15 B.    <u>Inter Partes Reexamination</u>

16   The Court DENIES the request for a stay pending reexamination without prejudice.  The
17 PTO has not determined whether it will accept the request for reexamination.  A request to stay
18 pending reexamination is therefore premature.

19 C.    <u>Conferences</u>

20   The Court also establishes quarterly telephonic conferences to be conducted with the
21 party whips.  The Court will hold a brief status conference in court at the start of the <u>Markman</u>
22 hearing set for July 22, 2011.  Thereafter, the telephonic conferences are scheduled as follows:
23 October 14, 2011 at 10:00 a.m.; January 13, 2012 at 10:00 a.m.; April 13, 2012 at 10:00 a.m.
24

1  The parties who are not whips are free to participate, but their presence is not required.  The
2  party whips are expected to be able to speak to all issues, but may ask other counsel to speak if it
3  would be more efficient.

**Conclusion**

The Court finds joinder of the Defendants improper.  Rather than dismiss the complaint, the Court SEVERS the case into eleven individual actions.  The Court consolidates all eleven case into Case No. C10-1385 for all proceedings, and the cases shall remain on the same scheduling order already set in Case No. C10-1385 (Dkt. No. 178).  The parties must meet and confer and submit a joint status report within 15 days of this order to explain whether any dates need to be changed or amended.  Within five days of this order, Plaintiff is ordered to refile its amended complaint in each of the newly-opened case dockets and pay the respective filing fees, on the schedule set forth above.  Each Defendant must file its answer in the respective case within five days of the filing of the amended complaint.

The Court DENIES the request to stay without prejudice.  The issue is not ripe.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 29th day of April, 2011.

Marsha J. Pechman
United States District Judge

- 9