Hon. Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INTERVAL LICENSING LLC, | Case No. 2:10-cv-01385-MJP |
| Plaintiff, | **PLAINTIFF INTERVAL LICENSING LLC'S MOTION TO LIFT STAY ON '314/'652 PATENT TRACK AND REQUEST FOR STATUS CONFERENCE** |
| v. | |
| AOL, INC., | |
| Defendant. | Note on Motion Calendar: May 11, 2012 |
| INTERVAL LICENSING LLC, | ORAL ARGUMENT REQUESTED |
| Plaintiff, | Case No. 2:11-cv-00708 MJP |
| v. | Lead Case No. 2:10-cv-01385-MJP |
| APPLE, INC., | |
| Defendant. | |
| INTERVAL LICENSING LLC, | Case No. 2:11-cv-00711 MJP |
| Plaintiff, | Lead Case No. 2:10-cv-01385-MJP |
| v. | |
| GOOGLE, INC., | |
| Defendant. | |
| INTERVAL LICENSING LLC, | Case No. 2:11-cv-00716 MJP |
| Plaintiff, | Lead Case No. 2:10-cv-01385-MJP |
| v. | |
| YAHOO! INC., | |
| Defendant. | |

INTERVAL LICENSING LLC'S MOTION TO LIFT STAY
Case No. 2:10-cv-01385-MJP
2242298v1/011873

**Susman Godfrey LLP**
1201 Third Avenue, Suite 3800
Seattle WA  98101-3000

1

2   As outlined in the concurrently-filed Notice of Completion of Reexamination, on April 6,

3   2012, the Patent and Trademark Office ("PTO") finally resolved the reexamination of Patent No.

4   6,034,652 (the '652 patent). The PTO confirmed all asserted claims and granted new dependent

5   claims. The '652 patent shares the same inventors and specification as Patent No. 6,788,314 (the

6   '314 patent). The '314 patent also has been confirmed by the examiner, although because it is an

7   *inter partes* reexamination, the Defendants have an appellate right that will take approximately 3-

8   5 years to conclude. The Court previously ordered that the '652 and '314 patents should be on

9   the same track because they share a specification and inventors. Plaintiff Interval Licensing LLC

10  ("Interval") respectfully files this motion to lift the stay as to the '314 and '652 patents (the "'314/

11  '652 track"). Alternatively, should the Court want to wait until the entire appellate process for

12  the '314 patent is complete, it should lift the stay solely for the '652 patent.

13  **I.     PRELIMINARY STATEMENT**

14  This case was stayed so that the parties and the Court could hear from the PTO on the

15  pending reexaminations. The PTO has now spoken, and the speed with which it has done so

16  serves as a testament to the strength of the '314/'652 patents. The PTO confirmed as patentable

17  <u>all</u> claims of the '314 and '652 patents that were asserted in this litigation. In addition, the PTO

18  confirmed as patentable sixteen new dependent claims of the '314 patent and thirty-three new

19  dependent claims of the '652 patent that Interval added during reexamination.

20  The '652 reexamination decision is final and the Defendants have no appellate right.

21  Therefore, the '652 reexamination has been finally resolved. As discussed below, the '314

22  reexamination has closed, and all claims have been confirmed. The '314 is not final, however,

23  because the Defendants have an appellate right. Now that the '652 reexamination is final, and the

24  '314 reexamination has been closed with all claims confirmed, the Court should lift the stay on

25  that patent track so those claims can proceed in litigation expeditiously.

26

27

28

INTERVAL LICENSING LLC'S MOTION TO LIFT STAY - 2
Case No. 2:10-cv-01385-MJP
2242298v1/011873

**Susman Godfrey LLP**
1201 Third Avenue, Suite 3800
Seattle WA  98101-3000

1    **II.      PROCEDURAL POSTURE AND STATUS OF REEXAMINATIONS**

2        **A.      The Case Was Stayed On The Eve Of The Markman Hearing**

3        Interval filed its complaint on August 27, 2010, and its amended complaint on December

4    28, 2010, alleging that Defendants infringed four patents owned by Interval, a technology

5    company co-founded by Paul Allen.  In response to the Court's directive that the parties submit a

6    Supplemental Joint Status Report with proposals to streamline the case for discovery and trial,

7    Interval proposed that the four patents be split into two tracks, each with a different trial date.

8    The Court adopted that proposal and issued a scheduling order that assigned the '652 patent and

9    the '314 patent to a single track because of common issues relating to the two patents, including

10   the fact that both patents share the same specification and are asserted against the same four

11   defendants (AOL, Apple, Google, and Yahoo).  Dkt. # 178.  Patent Nos. 6,263,507 and 6,757,682

12   were assigned to a second, independent track.

13       Defendants filed requests for reexamination with the PTO on March 17, 2011.  That same

14   day, Defendants moved to stay the case pending the reexaminations.  Dkt. # 198.  The Court

15   denied the motion without prejudice, concluding that it was premature given that the PTO had not

16   acted on the requests for reexamination.  Dkt. # 229.  After the PTO granted each of the requests

17   for reexamination, Defendants renewed their motion to stay on June 7, 2011, which Interval

18   opposed.  (Dkt. # 245, 246)

19       On June 16, 2011, the Court granted the motion to stay the case pending reexamination.

20   Dkt. # 253.  In granting the motion to stay, the Court directed the parties to submit a status update

21   every six months and also made clear that it "expects to be notified immediately upon resolution

22   of the reexamination process of each individual patent, not just at the conclusion of all four

23   reexaminations."  *Id.*

24       At the time of the stay, this case had made significant progress toward resolution.  In

25   accordance with the scheduling order, the parties exchanged infringement contentions, non-

26   infringement contentions, and invalidity contentions.  The parties also engaged in significant

27   discovery and Markman-related tasks before the stay, including:

28

- The parties served hundreds of document requests and interrogatories.

- The parties produced hundreds of thousands of pages of documents.

- Defendants produced some of its source code, and Interval retained seven experts who flew around the country to begin reviewing the code.

- The parties submitted a joint claim chart that exceeded 150 pages, which was the result of marathon meet and confer sessions.

- The parties finalized opening Markman briefs on both tracks of patents. Indeed, Interval filed its Markman brief on the '314/'652 track minutes before the Stay Order was entered.

**B.     The PTO Confirmed As Patentable All Asserted Claims Of The '652 Patent And Issued A Notice Of Intent To Issue Ex Parte Reexamination Certificate**

The '652 patent has had great success in the reexamination proceedings.  Reexamination was granted on claims 4-8, 11, and 15-18, which are the claims that Interval asserted in this litigation.  In the first office action, the examiner immediately confirmed as patentable claims 4-8 and 11, but rejected claims 15-18.  The examiner later confirmed as patentable claims 15-18 and thirty-three new dependent claims that Interval added during reexamination.

On April 6, 2012, the PTO issued a Notice of Intent to Issue Ex Parte Reexamination Certificate ("NIRC"), which makes clear that "[p]rosecution on the merits is (or remains) closed in this *ex parte* reexamination proceeding" and that "[a] Certificate will be issued[.]"  *See* Ex. 1 (NIRC at p. 3).  Because the '652 reexamination is *ex parte*, Defendants have no right to appeal. The prosecution on the merits has closed and all asserted claims have been confirmed as patentable.[1]

**C.     The PTO Confirmed As Patentable All Asserted Claims Of The '314 Patent And Issued An Action Closing Prosecution**

The '314 patent also breezed through reexamination with remarkable speed.   The reexamination was granted on claims 1-15.  In the first office action, the PTO refused to adopt any of Defendants' proposed rejections, but nevertheless rejected claims 1-15 on other grounds.

---

[1] The reexamination certificate issues as a matter of course approximately 2-3 months after the NIRC, but after a NIRC the reexamination process has been finally resolved.

INTERVAL LICENSING LLC'S MOTION TO LIFT STAY - 4
Case No. 2:10-cv-01385-MJP
2242298v1/011873

**Susman Godfrey LLP**
1201 Third Avenue, Suite 3800
Seattle WA  98101-3000

1    In response, Interval added new dependent claims 16-31, canceled claims 5-6 (which were not

2    asserted in litigation), and distinguished the prior art cited by the examiner.  Defendants filed a

3    reply to Interval's response, asserting that both the existing claims and the new claims were

4    unpatentable.

5        The examiner rejected Defendants' arguments.  On October 14, 2011, the PTO issued an

6    Action Closing Prosecution letter that confirmed as patentable not only the original claims in the

7    '314 patent (less the two unasserted claims that Interval canceled), but also confirmed as

8    patentable the sixteen new dependent claims that Interval added during the reexamination.  *See*

9    Ex. 2 (10/14/11 Action Closing Prosecution).  The examiner issued a Right of Appeal Notice on

10   December 10, 2011.  *See* Ex. 3 (12/10/11 Right of Appeal Notice).  With the issuance of the

11   Action Closing Prosecution and the Right of Appeal Notice, the PTO's reexamination has now

12   ended for the '314 patent

13       Because the '314 reexamination is *inter partes*, Defendants have the right to appeal the

14   examiner's decision to the Board of Patent Appeals and Interferences ("BPAI").  They filed their

15   notice of appeal on January 10, 2012, and filed their opening appellate brief on April 3, 2012.

16   Appellate review by the BPAI lasts an average of 32 months.  See Ex. 4 (2011 BPAI Performance

17   Measures).  That time does not include any further appeals to the Federal Circuit, a process that

18   takes another 1-2 years.

19

20   **III.   THE STAY SHOULD BE LIFTED ON THE '314/'652 PATENT TRACK**

21       **A.   The PTO's Confirmation As Patentable All Asserted Claims Of The '314
22             and '652 Patents Constitutes A Substantial Change In Circumstances That
             Justifies Lifting Of The Stay**

23       The issuance of the NIRC on the '652 patent and the Action Closing Prosecution on the

24   '314 patent constitutes a substantial change in circumstances that justifies the dissolution of the

25   stay order on the '314/'652 patent track.  Now that the PTO has confirmed as patentable all

26   asserted claims of the '314 and '652 patents, continuing the stay will not simplify the issues or

27   reduce the burden in litigation.  *JAB Distributors, LLC v. London Luxury, LLC*, 2010 WL

28   3023163, *1 (N.D. Ill. June 29, 2010) ("Because the PTO is unlikely to reconsider its

---

INTERVAL LICENSING LLC'S MOTION TO LIFT STAY - 5
Case No. 2:10-cv-01385-MJP
2242298v1/011873

**Susman Godfrey LLP**
1201 Third Avenue, Suite 3800
Seattle WA  98101-3000

1  reexamination decision and subsequently simplify the issues or reduce the burden of litigation,

2  staying the case is no longer appropriate."). Maintaining the stay would be inconsistent with Rule

3  1 of the Federal Rules of Civil Procedure, which mandates that the Federal Rules "[b]e construed

4  and administered to secure the just, speedy, and inexpensive determination of every action and

5  proceeding."

6      Defendants scoured the Earth in the hope of locating invalidating prior art for the asserted

7  patents. Indeed, a bounty was put on at least some of these patents, with the spoils going to

8  anyone in the world who identified an invalidating prior art reference. *See* Ex. 5 (4/22/11 Article:

9  *Article One Partners Launches Public Review of Interval Licensing LLC Patent*). But

10  Defendants' scorched-Earth effort to invalidate the '314 and '652 patents has done nothing more

11  than give the PTO the opportunity to award them the badge of validity.

12      The speed with which the PTO acted cannot be emphasized enough. Approximately five

13  months after granting the request for reexamination on the '314 patent, the PTO issued the Action

14  Closing Prosecution. That speed is virtually unheard of in reexaminations, and demonstrates the

15  strength of the '314 patent. And the PTO issued the NIRC in the '652 reexamination

16  approximately one year after defendants filed a petition for reexamination.

17    **B.    Waiting To Lift The Stay Until The PTO Issues The Reexamination
18    Certificate On The '652 Patent Would Needlessly Delay The Case Without
     Providing Any Benefit**

19      The Court need not (and should not) wait for the actual reexamination certificate to issue

20  on the '652 patent before lifting the stay. Because reexamination on the merits is closed, waiting

21  for the actual certificate to issue would not simplify the issues or reduce the burden in litigation.

22  Instead, it would only delay the time for the litigation to re-commence with no concurrent benefit

23  because all claims in the '652 patent have been confirmed and issuance of the actual certificate is

24  a ministerial step. Indeed, the name of the "NIRC" says as much—it is a "Notice of Intent to

25  Issue the Reexamination Certificate."

26      Courts routinely grant motions to lift stays upon receiving notification that the PTO has

27  confirmed claims and the reexaminations before the PTO are in their final stages. *See*, *e.g.*,

28

INTERVAL LICENSING LLC'S MOTION TO LIFT STAY - 6
Case No. 2:10-cv-01385-MJP
2242298v1/011873

**Susman Godfrey LLP**
1201 Third Avenue, Suite 3800
Seattle WA  98101-3000

1   *Boston Scientific Corp. v. Micrus Corp*, 2006 WL 708669, *2 (N.D. Cal. March 21, 2006) ("[T]he

2   Court sees no reason to stay this case any further.  A substantial amount of work can be

3   accomplished prior to the final resolution of the USPTO reexam."); *JAB Distributors, LLC v.*

4   *London Luxury, LLC*, 2010 WL 3023163, *1 (N.D. Ill. June 29, 2010) ("Because the PTO is

5   unlikely to reconsider its reexamination decision and subsequently simplify the issues or reduce

6   the burden of litigation, staying the case is no longer appropriate.");  *Staples v. Johns Manville,*

7   *Inc.*, 2009 WL 2337105, *2 (E.D. Mo. July 29, 2009) (lifting stay when USPTO Notice of Intent

8   to Issue an Ex Parte Reexamination Certificate issued); *Atlantic Const. Fabrics, Inc. v.*

9   *Metrochem, Inc.*, 2008 WL 3852100, *1 (W.D. Wash. Aug. 14, 2008) (lifting stay because "[i]t is

10  uncontested that the U.S. Patent and Trademark Office will soon issue the reexamination

11  certificate"); *Rohm and Hass Co. v. Brotech Corp.*, 1992 U.S. Dist. LEXIS 21721, *7 (D. Del.

12  July 16, 1992) (lifting the stay because "the information from the PTO confirms that at least some

13  of the claims will survive reexamination.  We know that those claims probably will have to be

14  resolved in this litigation.");  *Purolite Int'l, Ltd. v. Rohm and Haas Co.*, 1992 WL 220976, *1

15  (E.D. Penn. Sept. 4, 1992) (lifting the stay because "[t]he PTO finding [confirming some of the

16  claims] and the PTO's statistics evidence that at least some of the patent claims will survive the

17  reexamination.").

18      The *Cook Incorporated* court artfully made the point that it need not wait for the official

19  completion of the reexamination proceedings to lift the stay:

20          As Bob Dylan Sang in 'Subterranean Homesick Blues,' 'You don't
            need a weatherman to know which way the wind blows.' And you
21          don't need a Reexamination Certificate to know that this case is
            now poised to move forward.  . . . The Court will not continue to
22          impose a stay over Plaintiff's objection.  . . . .  Support for this
            result is found not only in classic folk-rock lyrics but, more
23          importantly, in case law[.]

24  *Cook Inc. v. Endologix, Inc.*, 2010 WL 2265203, *1 (S.D. Ind. June 2, 2010) (emphasis added).

25  The same is true here.  A reexamination certificate on the '652 patent is not necessary to know

26  that the '314/'652 track is poised to move forward because all claims have been confirmed.

27

28

INTERVAL LICENSING LLC'S MOTION TO LIFT STAY - 7         **Susman Godfrey LLP**
Case No. 2:10-cv-01385-MJP                                1201 Third Avenue, Suite 3800
2242298v1/011873                                          Seattle WA  98101-3000

1   Congress provided for judicial remedies to cure infringements of patents. *See* 35 U.S.C. §

2   271. Interval's statutory right to seek a timely judicial remedy outweighs any purported utility in

3   maintaining the stay on the '314/'652 track. Now that the parties and the Court received input

4   from the PTO, the '314/'652 track should proceed to trial without further delay.

5
6   **C.    The Court Also Should Not Wait Years Longer for the Appellate Process to Conclude on the '314 Patent**

7   Although the reexamination of the '314 patent has not been finally confirmed because the

8   appeals process is not over, the Examiner has issued an "Action Closing Prosecution" with all

9   asserted claims confirmed. The Court need not address whether such an Action Closing

10  Prosecution itself is justification to lift the stay because of the close overlap between the '314 and

11  '652 patents. They share the same inventors and same specification. The issues will largely, if

12  not entirely, overlap. Given that all claims have been confirmed, the best use of judicial resources

13  is for the Court to lift the stay of the '314 patent along with the '652 patent.

14  Alternatively, even if the Court does not lift the stay on the '314 patent—and it should—

15  the Court should lift the stay on the '652 patent because all claims have been finally confirmed.

16  **IV.   THE COURT SHOULD HOLD A STATUS CONFERENCE TO DISCUSS THE STATUS OF THE REEXAMINATIONS AND HOW BEST TO PROCEED ON THE '314/'652 TRACK**

17

18  Interval respectfully requests that the Court convene a status conference to discuss the

19  status of the reexaminations and to discuss the best plan to proceed to trial on the '314/'652 patent

20  track that incorporates the efficiencies from the Court's prior scheduling order. Dkt. # 248.

21  **V.    CONCLUSION**

22  The PTO has now finally resolved the '652 reexamination by finding all asserted claims

23  patentable. It also has issued an "Action Closing Prosecution" on the '314 patent that finds all

24  asserted claims patentable. The PTO's actions constitute a substantial change in circumstances

25  that eliminates the basis for any further continuance of the stay. Because the '652 patent has been

26  finally confirmed, and the related '314 patent has been confirmed with only the appellate process

27

28

INTERVAL LICENSING LLC'S MOTION TO LIFT STAY - 8
Case No. 2:10-cv-01385-MJP
2242298v1/011873

**Susman Godfrey LLP**
1201 Third Avenue, Suite 3800
Seattle WA  98101-3000

1   left that will take years longer, Interval should now be able to exercise its right to enforce the

2   patents.

3          Alternatively, if the Court does not want to lift the stay on the '314 patent until the years-

4   long appellate process concludes, this Court should lift the stay on the '652 patent.  Interval also

5   respectfully requests that the Court hold a status conference to discuss how to expeditiously finish

6   discovery and proceed to trial.

7

8   Dated: April 17, 2012                    /s/ Matthew R. Berry
                                             Justin A. Nelson
9                                            WA Bar No. 31864
                                             E-Mail:  jnelson@susmangodfrey.com
10                                           Matthew R. Berry
11                                           WA Bar No. 37364
                                             E-Mail:  mberry@susmangodfrey.com
12                                           SUSMAN GODFREY L.L.P.
                                             1201 Third Ave, Suite 3800
13                                           Seattle, WA 98101
                                             Telephone: (206) 516-3880
14                                           Facsimile: (206) 516-3883
15
                                             Max L. Tribble, Jr.
16                                           E-Mail:  mtribble@susmangodfrey.com
                                             SUSMAN GODFREY L.L.P.
17                                           1000 Louisiana Street, Suite 5100
18                                           Houston, Texas 77002
                                             Telephone: (713) 651-9366
19                                           Facsimile: (713) 654-6666
20
                                             Oleg Elkhunovich
21                                           E-Mail:  oelkhunovich@susmangodfrey.com
                                             SUSMAN GODFREY L.L.P.
22                                           1901 Avenue of the Stars, Suite 950
                                             Los Angeles, California  90067
23                                           Telephone: (310) 789-3100
                                             Facsimile: (310) 789-3150
24
25                                           Michael F. Heim
                                             E-mail:  mheim@hpcllp.com
26                                           Eric J. Enger
                                             E-mail:  eenger@hpcllp.com
27                                           Nathan J. Davis
                                             E-mail:  ndavis@hpcllp.com
28

1

2

Niraj P. Patel
E-mail: npatel@hcllp.com
HEIM, PAYNE & CHORUSH, L.L.P.
600 Travis, Suite 6710
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

Attorneys for INTERVAL LICENSING LLC

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INTERVAL LICENSING LLC'S MOTION TO LIFT STAY - 10
Case No. 2:10-cv-01385-MJP
2242298v1/011873

**Susman Godfrey LLP**
1201 Third Avenue, Suite 3800
Seattle WA  98101-3000

1

2 **<u>CERTIFICATE OF SERVICE</u>**

3       I hereby certify that on April 17, 2012, I electronically filed the foregoing with the Clerk
4 of the Court using the CM/ECF system which will send notification of such filing to the
following counsel of record:

5

6 **<u>Attorneys for AOL, Inc.</u>**
Cortney Alexander              cortney.alexander@finnegan.com
7 Robert Burns                   robert.burns@finnegan.com
Elliot Cook                    elliot.cook@finnegan.com
8 Gerald Ivey                    gerald.ivey@finnegan.com
Scott Johnson                  scott.johnson@stokeslaw.com
9 Molly Terwilliger              mollyt@summitlaw.com

10

11 **<u>Attorneys for Apple, Inc.</u>**
David Almeling                 dalmeling@omm.com
12 Brian Berliner                 bberliner@omm.com
George Riley                   griley@omm.com
13 Jeremy Roller                  jroller@yarmuth.com
Scott Wilsdon                  wilsdon@yarmuth.com
14 Neil Yang                      nyang@omm.com
Xin-Yi Zhou                    vzhou@omm.com
15

16 **<u>Attorneys for Google, Inc.</u>**
Aaron Chase                    achase@whitecase.com
17 Dimitrios Drivas               ddrivas@whitecase.com
Warren Heit                    wheit@whitecase.com
18 Scott Johnson                  scott.johnson@stokeslaw.com
Shannon Jost                   shannon.jost@stokeslaw.com
19 Kevin McGann                   kmcgann@whitecase.com
Wendi Schepler                 wschepler@whitecase.com
20 Theresa Wang                   theresa.wang@stokeslaw.com

21
**<u>Attorneys for Yahoo! Inc.</u>**
22 Francis Ho                     fho@mofo.com
Richard S.J. Hung              rhung@mofo.com
23 Michael Jacobs                 mjacobs@mofo.com
Matthew Kreeger                mkreeger@mofo.com
24 Dario Machleidt                dmachleidt@flhlaw.com
Eric Ow                        eow@mofo.com
25 Mark Walters                   mwalters@flhlaw.com
Gregory Wesner                 gwesner@flhlaw.com
26

27                                By: /s/ Bianca Nealious
Bianca Nealious
28

INTERVAL LICENSING LLC'S MOTION TO LIFT STAY          **Susman Godfrey LLP**
Case No. 2:10-cv-01385-MJP                            1201 Third Avenue, Suite 3800
2242298v1/011873                                      Seattle WA 98101-3000