|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| INTERVAL LICENSING LLC,<br><br>                Plaintiff,<br><br>   v.<br><br>AOL, INC.,<br><br>                Defendant. | LEAD CASE NO. C10-1385 MJP<br><br>ORDER GRANTING MOTION TO LIFT STAY AND DENYING REQUEST FOR STATUS CONFERENCE |
| This Order Relates to:<br>C10-1385 MJP, C11-708 MJP,<br>C11-709 MJP, C11-710 MJP,<br>C11-711 MJP, C11-712 MJP,<br>C11-713 MJP, C11-714 MJP,<br>C11-715 MJP, C11-716 MJP,<br>C11-717 MJP. | |

      This matter comes before the Court on Plaintiff's motion to lift the stay with respect to the '652 and '314 patent track and request for status conference. (Dkt. No. 261.) Having reviewed the motion, the response (Dkt. No. 263), the reply (Dkt. No. 265), and all related

1  papers, the Court GRANTS the motion to lift the stay, but DENIES the request for a status
2  conference.

**Background**

4      The Court divided this case into two tracks: one as to the '652 and '314 patents, and
5  another as to the '507 and '682 patents. On June 16, 2011, the Court granted Defendants'
6  motion to stay the case pending reexamination of all four patents. (Dkt. No. 253.) A little under
7  a year later, Plaintiff filed the instant motion seeking to lift the stay as to the '652 and '314
8  patents. Plaintiff informs the Court that reexamination of the '652 patent is complete, after the
9  PTO confirmed the original asserted claims without amendment and allowed new claims added
10 during reexamination. Defendants have no right to appeal. As to the '314 patent, the Examiner
11 confirmed all of the claims without amendment and allowed new claims added during
12 reexamination. Apple has filed an appeal, which is pending before the USPTO Board. Briefing
13 of the appeal should have been complete on June 18, 2012.

**Analysis**

15     The Court finds a stay no longer proper in the '314 and '652 patent track. Reexamination
16 of the '652 patent is complete, and only the appeal of the '314 patent remains. The Court notes
17 that Plaintiff succeeded in defending all of the asserted claims in the '314 patent and even added
18 new claims. Apple's appeal thus faces an uphill battle, which, according to the briefing, may
19 take as long as five years to reach final resolution. This Court can try the case in a much shorter
20 period of time than any appeal might take. Continued delay for the purpose of waiting for a final
21 resolution of what appears a difficult appeal is far outweighed by the Court's interest in resolving
22 the pending dispute in a timely manner. Moreover, the parties have already engaged in a
23 substantial amount of discovery before the stay issued, and were on the verge of engaging in the
24

ORDER GRANTING MOTION TO LIFT STAY
AND DENYING REQUEST FOR STATUS
CONFERENCE- 2

1  Markman hearing. The Court is aware that it has denied motions to lift stays in other cases
2  (which Defendants cite), but each case stands on its particular facts. Plaintiffs received
3  affirmation of its two patents in reexamination, and only one appeal remains ongoing. That was
4  not the same scenario the Court faced in Wre-HOL v. Pharos Science, C09-1642 MJP, Dkt. No.
5  141 (W.D. Wash. Dec. 27, 2011), and Defendants' reliance on it is not persuasive. The Court is
6  confident the stay of this patent track is properly lifted. The Court GRANTS the motion to lift
7  the stay.

8        The Court does not find it necessary to hold a status conference at this time. Instead, it
9  orders the parties to meet and confer and discuss what portions of the original scheduling order
10 need to be modified. (Dkt. No. 248.) The parties are ordered to discuss what dates and deadlines
11 remain and how they should be changed to accommodate a speedy resolution of the case. The
12 parties should also discuss whether any of the protocols need to be changed in light of the
13 reexamination process. The parties must meet and confer within 10 days of entry this order and
14 submit a joint status report within 15 days of entry of this order. Should the parties wish to have
15 a scheduling conference after meeting and conferring, they should indicate the request in the
16 JSR.

17 **Conclusion**

18       The Court GRANTS the motion to lift the stay as to the '314 and '652 track. The Court
19 finds good cause to resume the prosecution of this case. The Court orders the parties to meet and
20 confer within 10 days of entry of this order to discuss a trial schedule, and to submit a JSR within
21 15 days of entry of this order. The Court does not find it necessary to hold a status conference
22 until after the parties meet and confer, and DENIES the request.

23    \\
24

ORDER GRANTING MOTION TO LIFT STAY
AND DENYING REQUEST FOR STATUS
CONFERENCE- 3

1   The clerk is ordered to provide copies of this order to all counsel.

2   Dated this 25th day of June, 2012.

Marsha J. Pechman
United States District Judge

ORDER GRANTING MOTION TO LIFT STAY
AND DENYING REQUEST FOR STATUS
CONFERENCE- 4